Manly, J.
 

 The judgment of the Court below, is in the precise language of the statute. It is enacted (Rev. Code, ch. 31, sec. 75,) that “in all actions whatsoever, the party in whose favor judgment shall be given, or in case of nonsuit, dismission, discontinuance or stay of judgment, the defendant shall be entitled to full costs, unless where it is or may be otherwise directed by statute.” As there was a verdict and judgment below for the plaintiff, it follows that there should also be a judgment in his favor for full costs to be taxed by the clerk. Where a party is entitled to a judgment for costs, he is, under our statute, entitled to all his costs, or full costs.
 

 This Court, in interpreting the Revised Statutes, chap. 31, sec. 79, which is, in substance, the same as the above section of the Code, settled the law as above stated ;
 
 Costin v. Baxter,
 
 7 Ire. Rep. 111. While the law is thus plainly written, however, it often happens that difficulties arise as to what are a party’s full costs. By the 74th section of the Revised Code, chapter 31, it is provided, “ at the court where the cause shall be finally determined, the party recovering judgment shall file in the clerk’s office the -witness tickets ; the amount whereof shall be taxed in the bill of costs, to be levied and recovered for the benefit of said party :
 
 Provided,
 
 that the party cast shall not be obliged to pay for more than two witnesses to prove a single fact.” And it has also been long held to be a practical duty with the Court to direct witnesses not to be taxed, or strike them out from the bill of costs, and leave them to be paid by the successful party who summoned them, not only where there has been more than the requisite number to a fact, but, also, where it appears that any have been immaterial or not tendered. Under the general order, therefore, for the taxation of costs in this case, if the defendant apprehended
 
 *32
 
 ■there-might be errors, on the part of the clerk, to his prejudice in respect to certain witnesses, this apprehension might have been brought before the Court upon a rule and special directions obtained, if a proper case had been made out. "Whether upon a scrutiny of the testimony, made in this way, it may not have become the duty of the Court to exclude witnesses from the taxed bills of costs, we have no means of determining. The
 
 fac-tper se
 
 stated on the record did not, in our opinion, require of the Court the exclusion demanded. Where several articles are sought to be recovered in a declaration containing only a single count, a portion of which plaintiff succeeds in recovering, and, as to the residue, fails, the witnesses examined on the parts only as to which the plaintiff failed are not,
 
 ipso facto,
 
 to be excluded from his bill of costs, but may be taxed subject to exceptions for excess of number or impertinence as above stated. "*
 

 We think the judgment of the Superior Court was right, and it is, therefore, affirmed.
 

 Per Curiam,
 

 Judgment affirmed.