KINSTON COTTON MILLS v. ROCKY MOUNT HOSIERY COMPANY.

(Filed 29 March, 1911.)

1. Contracts—Breach—Goods Sold—Damages—Admissions—Burden of Proof—Delivery—"Ready and Willing."

In an action to recover for a balance of goods sold under a contract, the answer admitted that defendant had received and paid for a part of the goods, alleging that he did so upon plaintiff's promise and assurance that the remainder would be of a certain standard quality: *Held*, to recover the contract price of the balance of goods, refused upon the allegation that they did not come up to the standard fixed by the contract, the plaintiff must show that it was ready and willing to deliver them, which was denied; and plaintiff's motion for judgment upon the admission in the answer, on the ground that the defendant could not refuse to accept the balance of the goods on account of defects in the goods already received, was properly denied.

2. **Contracts—Breach—Goods Sold—Damages—Defects—Evidence.**

　　The defense, in an action for damages on defendant's refusal to accept certain yarns, sold under contract, being that the yarns were defective, it was competent to show by plaintiff's correspondence in this case matters relating to such defects, in corroboration of defendant's witness; and, also, in reply to plaintiff's evidence that yarns of the character refused by defendant were sent to plaintiff's other customers without complaint made.

3. **Costs—Recovery—Several Causes of Action—Interpretation of Statutes.**

　　The matter of taxing costs against an unsuccessful litigant is regulated by statute, and thereunder the full cost should be taxed against a defendant when the plaintiff recovers in but one of several causes of action set out in his complaint. Revisal, sec. 1249.

APPEAL from *Whedbee, J.,* at November Term, 1910, of LENOIR.

Plaintiff commenced this action to recover $675.71 for breach of contract, as a first cause of action, and $187.50 for goods sold to the defendant, as a second cause of action. The defendant admitted the execution of the contract, denied a failure to perform　on its part, and alleged a breach of the contract by the plaintiff, and demanded $350 damages on account of said breach.

It was admitted: "That on the .... day of November, 1908, the plaintiff made and entered into a contract with the defendant, by the terms of which the plaintiff agreed to sell to the defendant 50,000 pounds of No. 10 yarns, which the defendant agreed to accept and pay therefor 16 cents per pound for all of said yarns delivered prior to 1 April, 1909, and 16¼ cents for all yarns delivered after 1 April, 1909, the delivery of said yarns to begin December or early in January, 2 per cent off the purchase price made to be allowed defendant for cones, and 2 per cent for payments made within ten days after the shipment of each installment of yarns, and that the said yarns were to be delivered in the usual weekly quantities as called for by defendant."

The fifth paragraph of the complaint was as follows: "That up to 22 March, 1909, the plaintiff delivered to defendant un-

der said contract 18,139 pounds of yarns, which defendant received and paid for under the terms of said contract." To which the defendant answered:

"Fifth. That in answer to fifth paragraph of the complaint, the defendant says that up to 22 March, 1909, it had received from the plaintiff, under said contract, 18,139 pounds of yarns, upon the promise and assurance by the plaintiff that it would furnish the balance of the yarns purchased from it in standard quality, and also upon such promise and assurance did the defendant receive and pay for the said yarns so received, and that payment was made for those received at the prices stated in said contract."

The following are the issues, with the responses thereto:

1. Did the plaintiff deliver and offer to deliver to the defendant yarns of the kind and quality contracted for? Answer: "No."

2. If "Yes" to the first issue, what damages, if any, has plaintiff sustained by reason of defendant's refusal to accept said yarns? Answer: "Nothing."

3. If "No" to first issue, what damages, if any, has defendant sustained by reason of plaintiff's failure to deliver yarns of the kind and quality contracted for? Answer: "Nothing."

4. In what amount, if anything, is defendant indebted to plaintiff on account of plaintiff's second cause of action? Answer: "One hundred and eighty-seven dollars and fifty cents."

Judgment was rendered in favor of the plaintiff for $187.50 and costs incurred in prosecuting the second cause of action. The plaintiff excepted and appealed.

*Rouse & Land for plaintiff.*
*Loftin, Varser & Dawson for defendant.*

ALLEN, J. We have examined each of the exceptions on which the plaintiff relies, and find no error except as to the judgment for costs. The plaintiff's motion for judgment upon the ground that the fifth paragraph of the answer was an admission that the defendant received 18,139 pounds of yarn upon the promise, by the plaintiff, to furnish the remainder

of the yarns of standard quality, and that therefore it could not refuse to receive such remainder on account of defects in those already received, was properly denied, because it was incumbent on the plaintiff to establish performance of the contract on its part, and the defendant denied, in its answer, that° the plaintiff was ready and willing to deliver the remainder of said yarns, or that it had offered to do so.

There are nine exceptions to evidence, but they present no new questions requiring discussion. The witness of the plaintiff, Mr. Taylor, was permitted to testify to the facts at first excluded, and the evidence of the witness of the defendant, Andrews, was competent in support of the defendant's contention. The yarns and stockings exhibited to the jury by. Andrews, while not identified by him, were identified by another witness, Walton.

The correspondence between the president of the Algoden Mills and the plaintiff, showing complaints as to the quality of the yarns shipped by the plaintiff to said mills, was competent, we think, as corroborative of the evidence of the defendant that the plaintiff was manufacturing defective yarns, and also in reply to the evidence of the president of the plaintiff that, "The same yarn that was sent to the Enfield and Rocky Mount mills was sent to other customers. The yarn that was sent to them to be tried was sent back and was used by other customers; there was nothing done to change the quality of the yarn, and it was shipped out to other customers using the same yarn, and no complaints."

The rule adopted by his Honor as to costs is fair and just, as in this case the plaintiff alleged two causes of action, and recovered on one; but it seems to be contrary to the authorities in this State. At common law neither party recovered costs, and with us it is dependent on the words of the statute.

The question was fully considered in *Costin v. Baxter,* 29 N. C., 112. In that case "the plaintiff's declaration contained three counts; the first two in *assumpsit* and the last in trover. No evidence was offered by him on the first and second, and on motion he was permitted to enter a *nolle prosequi* upon them,

and confined his testimony to the third. His right to enter the *nol. pros.* was denied by the defendant, and the motion opposed. The jury returned a verdict for the plaintiff, and the court rendered judgment in his favor for the damages and costs of suit. The defendant tendered the witnesses he had summoned, in his defense upon the first and second counts, and moved his Honor for a judgment against the plaintiff for the amount of his costs. It was admitted that upon those counts their testimony was relevant, and not upon the third. The defendant's motion was overruled by the court." The judgment was affirmed, and *Chief Justice Ruffin* says: "A verdict and judgment were given for the plaintiff on one count in his declaration; and the defendant moved for judgment against the plaintiff for costs incurred by the defendant in the attendance of witnesses to prove his defense to other counts, in which the plaintiff had entered a *nolle prosequi.* The court refused the motion, and the defendant appealed. The question depends entirely upon the statute. The Revised Statute, ch. 31, sec. 79, taken from the act of 1777, ch. 115, sec. 90, is that, 'In all actions whatsoever the party in whose favor judgment shall be given, or, in case of a nonsuit, dismission or discontinuance, the defendant, shall be entitled to full costs, unless when it may be otherwise directed by statute.' The words are as plain and positive as they can be, and are decisive against the defendant. . . . Such being the plain provision of the law, a court ought not, upon any notion of its injustice, to thwart the legislative will. The Court does not undertake to form any opinion of its justice or injustice, as our duty is merely to execute the act in its obvious sense."

In *Wooley v. Robinson,* 52 N. C., 30, which was an action to recover several articles of personal property, in which the plaintiff recovered a part of the property, it was held that the defendant could not recover the costs of witnesses examined solely as to the property not recovered by the plaintiff.

In *Cook v. Patterson,* 103 N. C., 127, a mortgagor applied for a restraining order, alleging that the debt secured by the mortgage was usurious, and upon the trial this issue was found

in his favor; but a part of the debt being unpaid, the defendant recovered judgment, and it was held that he was entitled to a judgment for costs.

The cases of *Costin v. Baxter* and *Wooley v. Robinson, supra,* are cited with approval, and the Court says in reference to them: "The older statutes, construed by the Court in those two cases, do not differ materially, so far as the question before us is involved, from section 528," Section 528 of The Code (1883) is identical with section 1249 of the Revisal.

In *Horton v. Horne,* 99 N. C., 221, the plaintiff recovered a part of the personal property sued for, and it was decided that he was entitled to recover full costs.

In *Wooten v. Walters,* 110 N. C., 252, the plaintiff recovered a store lot and failed to recover a stock of goods, and judgment awarding full costs to the plaintiff was affirmed. The trend of the decisions in *Williams v. Hughes,* 139 N. C., 20, and in *Vanderbilt v. Johnson,* 141 N. C., 372, is to the same effect. The question is discussed and many authorities cited in *Hobbs v. R. R.,* 151 N. C., 136.

We conclude, therefore, that the plaintiff was entitled to recover its costs. The controversy between the plaintiff and defendant is largely one of fact, which it was the province of the jury to settle. The judgment will be modified to tax the defendant with all legal costs, and, as thus modified, is affirmed.

Modified and affirmed.