THE TOWN OF ZEBULON v. MRS. EMMA R. DAWSON AND HUSBAND, A. C. DAWSON; SHERWOOD BRANTLEY, TRUSTEE; ELEANOR D. CHAMBLEE AND WAKE COUNTY.

(Filed 22 November, 1939.)

**1. Equity § 3—**

Equity is the complement of law for the purpose of rendering justice between litigants where the law, by reason of its inflexibility, is deficient, and equity never overrides or sets at naught a positive statutory provision, but, as an instrument of remedial justice, follows the law.

**2. Municipal Corporations § 34—**

The interest rate on street assessments is fixed by statute, C. S., 2716, 2717, Public Laws of 1929, ch. 331 (1), and the courts are without authority at law or in equity to prescribe a lesser interest rate.

**3. Same—Assessments for public improvements are not subject to set-off or counterclaim.**

Defendant, owning lands subject to a lien for delinquent street assessments, pleaded a past-due bond of the municipality as an offset in the municipality's action to foreclose the assessment lien, and judgment was entered permitting defendant to pay the assessments in ten yearly installments, reducing the interest rate thereon, and providing that the municipality should hold the bond issued to refund the bond owned by defendant, as collateral security, and should return the bond to defendant when the assessments were fully paid. *Held:* Assessments for public improvements are not subject to set-off or counterclaim, and the court erroneously took into consideration the municipal bond owned by defendant in adjudicating the rights of the parties.

**4. Same—**

In ordering the foreclosure of a lien for paving assessments, the court may grant defendant reasonable time in which to pay in order to give defendant opportunity to refinance and prevent foreclosure, but a grant of ten years within which to pay in equal annual installments is unwarranted.

**5. Same: Costs § 2a—**

Costs follow the final judgment, and when a municipality is entitled to the relief sought in its action to foreclose a paving assessment lien, it is error to tax any part of the costs against it.

APPEAL by plaintiff from *Stevens, J.,* at May Term, 1939, of WAKE. Error and remanded.

This is a civil action to foreclose a paving assessment lien on property now owned by the defendants.

The plaintiff having heretofore, to wit, on or about 1 March, 1926, duly assessed two certain lots within its corporate limits, their proportionate part of the costs of paving, now holds said lien upon which no payment has been made since 30 April, 1928. It is admitted that there is now due thereon, on the first tract, $311.57 with 6% interest from 30 April, 1928, and on the second tract, $338.35 with 6% interest from 30 April, 1928.

The defendants purchased the said two tracts of land in March, 1936, subject to said street paving assessments. Thereafter, in March, 1938, the defendants purchased, for $600, a water bond of the plaintiff in the sum of $1,000 payable 1 May, 1937. The bond issue of which this bond is a part has been refunded by the town, new bonds bearing 3% interest having been issued for the old bonds. The defendants in their answer pleaded this bond by way of set-off and counterclaim.

When the cause came on for hearing the parties waived trial by jury and agreed that the judge presiding should hear the evidence, find the facts and render judgment thereon. At the same time, the defendants admitted the legality of the assessments and the correctness of the

amount claimed by the town. After hearing the evidence the court found the facts, made certain conclusions of law, and adjudged and decreed:

"(1) That the defendant Mrs. Emma R. Dawson is justly indebted to the plaintiff town of Zebulon in the sum of $1,001.83, together with interest thereon at the rate of 3% per annum from May 1, 1937, until paid, which indebtedness is hereby declared to be a lien on the property described in the complaint and described in this judgment, but is in no wise a personal judgment or a lien on any other property owned by said defendant.

"(2) That the defendant Mrs. Emma R. Dawson is hereby ordered to deposit with the clerk of the Superior Court of Wake County the new bond issued by the town of Zebulon in lieu of the old bond herein described as collateral security to the paving assessment lien hereinabove described. That the clerk of the Superior Court of Wake County, North Carolina, will hold said bond until said paving assessment lien is fully discharged, and will then deliver the same to .the defendant Mrs. Emma R. Dawson.

"(3) It is further ordered, adjudged and decreed that the paving assessment, to wit, $1,060.00, be divided into ten equal payments or installments, and that the defendant Mrs. Emma R. Dawson be allowed to pay said assessment in ten equal annual installments of $105.00 each, together with interest at the rate of 3% per annum, payable annually; the first payment or installment to be made January 1, 1940, and the last payment on January 1, 1949.

"(4) It is further ordered and adjudged that the costs of this action be taxed equally against the plaintiff and the defendants."

The plaintiff excepted and appealed.

*A. R. House and J. G. Mills for plaintiff, appellant.*
*Thomas W. Ruffin for defendant, appellee.*

BARNHILL, J. Equity supplements the law. Its office is to supply defects in the law where, by reason of its universality, it is deficient, to the end that rights may be protected and justice may be done as between litigants.

Its character as the complement merely of legal jurisdiction rests in the fact that it seeks to reach and do complete justice where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of the case, are incompetent so to do. It was never intended that it should, and it will never be permitted to, override or set at naught a positive statutory provision. It is

an instrument of remedial justice within and not in opposition to the law. *Equitas sequiter legem.*

The statute fixes a rate of interest on street assessments payable in installments. C. S., 2716 and 2717; Public Laws 1929, ch. 331, sec. 1. The court below was without authority at law or in equity to prescribe a rate of interest less than that fixed by the statute.

Taxes are not subject to set-off or counterclaim. To so hold "would be utterly subversive of the power of the government and destructive of the very end of taxation." Cooley on Taxation; *Gatlin v. Comrs.,* 92 N. C., 540; *Comrs. v. Hall,* 177 N. C., 490, 99 S. E., 372; *Graded School v. McDowell,* 157 N. C., 316, 72 S. E., 1083. We apprehend that the same law applies with equal force to a street assessment due a municipality. By purchasing at a discount a past-due bond of the plaintiff for the purpose of treating the same as an offset or counterclaim to the street assessment due the plaintiff the defendants created no equity in their behalf. The Court below was in error in taking into consideration the ownership of said bond in attempting to work out alleged equities between the parties.

In actions to foreclose mortgages and other liens upon real property it has long been the practice, when judgment of foreclosure is entered, to provide that the debtor may have a reasonable time within which to redeem, before sale. Ordinarily, a period of 60 days to 4 months is allowed so that the debtor may have an opportunity to refinance the debt without foreclosure. The street assessment at issue was payable in ten equal installments. Nothing has been paid thereon for more than ten years. The plaintiff, as a matter of right, is entitled to its money. There is no principle of equity which would justify a further delay in its payment other than such reasonable time as may be necessary to give defendants an opportunity to attempt to refinance the obligation. The grant of ten years within which to pay the assessment in equal annual installments was unwarranted.

The costs follow the result of the final judgment. Except where otherwise provided by statute, the party cast in the suit is the one upon whom the costs must fall. *Ritchie v. Ritchie,* 192 N. C., 538, 135 S. E., 458; *Kincaid v. Graham,* 92 N. C., 154; *Williams v. Hughes,* 139 N. C., 17, 51 S. E., 790; *Smith v. R. R.,* 148 N. C., 334; *Cotton Mills v. Hosiery Mills,* 154 N. C., 462, 70 S. E., 910. It was error to tax any part of the costs against the plaintiff.

To the end that a proper judgment may be entered in accord with this opinion this cause is remanded.

Error and remanded.