22484

Elizabeth L. FREEMAN, Individually and as Executrix of the Estate of Elizabeth B. LaBruce, deceased, Appellant v. Herman FISHER, S. Edward Izard, J. Allen Miles, Orvin Development Corporation as General Partners of Orvin Properties, A Limited Partnership; John W. Orvin, John D. Whittemore, Henry L. Ravenel, Sr., Trading As Orvin Mortgage Co.; Carl L. Ott, Edward E. Pfaehler, Robert A. Pfaehler, Estate of Howard C. Prettyman, Deceased, A. Bert Pruitt, Jr., Henry L. Ravenel, Jr., Henry L. Ravenel, Sr., Jean B. Orvin, J. Harold Townes, Jr., Whitmarsh Development Company, Inc., Clara H. Orvin, Flora C. Orvin, T. C. Orvin, William C. Kennerty, As General Partners Of Stonefield, A Partnership, Respondents.

(341 S. E. (2d) 136)

Supreme Court

*Rivers T. Jenkins, Jr.,* of *Jenkins & Buist,* North Charleston, and *Thomas S. Tisdale, Jr.,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

*T. E. Pedersen,* and *District Atty. Brockinton, Jr.,* of *Brockinton, Brockinton & Smith,* Charleston, *for appellant.*

Submitted Jan. 22, 1986.

Decided Feb. 27, 1986.

NESS, Chief Justice:

This is an appeal from an order of the trial judge refusing to set aside an order of appraisal issued pursuant to S. C. Code Ann. Section 29-3-680 (1976). We reverse.

Appellant Freeman brought an action for foreclosure and sought a deficiency judgment against respondents. The case was referred to a master, who ordered foreclosure sale. The final sale was held on October 13, 1983 and Freeman purchased the property for $700,000. On November 4, 1983, a deficiency judgment of $260,324.40 was entered against respondents. On January 25, 1984, respondent filed a petition for appraisal pursuant to Section 29-3-680 (1976) and the order for appraisal was issued the same day. Freeman filed a motion to dismiss the order alleging the petition was not timely filed. The trial judge denied the motion, finding Freeman was equitably estopped from asserting the time requirements of the statute.

Section 29-3-680 provides that in a foreclosure action a defendant against whom a personal judgment has been entered may apply for appraisal within ninety days after the sale of the property. Section 29-3-690 provides the time for petitioning for appraisal can only be extended by written consent of the judgment creditors.

Respondents concede they did not file their petition for appraisal within ninety days after the sale, and it is undisputed that Freeman gave no consent for an extension. Respondents erroneously believed the ninety days began to run upon entry of judgment rather than the date of sale. The trial judge found Freeman was estopped from requiring strict adherence to the time limitations of the statute because the parties had been discussing appraisal and Freeman's counsel had failed to correct respondents' counsel's error regarding the time limitations.

To successfully assert the defense of estoppel, one must show that he was without knowledge, or any means of knowledge, of facts upon which he predicates a claim of estoppel. *Gibson v. Belcher*, S. C., 338 S. E. (2d) 330 (1985). Respondents' counsel could have discovered his erroneous construction of the statute by simply reading the plain language of the statute. The failure of one party to call to the attention of another party a fact equally within the knowledge of both forms no basis for an estoppel. *Southern Coatings & Chemical Company v. Belcher*, 274 S. C. 76, 261 S. E. (2d) 162 (1979). Moreover, estoppel may not be invoked to nullify a mandatory statutory restriction. 31 C. J. S., *Estoppel*, Section 148. A party cannot claim reasonable reliance on a representation by another in the face of a clear statutory mandate. *Mohr v. City of Milwaukee*, 101 Wis. (2d) 670, 305 N.W. (2d) 174 (1981).

The order of the trial judge is reversed, and the case is remanded for dismissal of the order of appraisal. The deficiency judgment against respondents remains intact.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, J.J., concur.