23240

CROWN CORK AND SEAL COMPANY, INC., Appellant v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(394 S.E. (2d) 315)

Supreme Court

*Wade H. Logan, III* and *Scott Y. Barnes*, both of *Holmes & Thomson,* Charleston, *for appellant.*

*Chief Deputy Attorney General Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondent.*

Heard June 4, 1990.

Decided July 23, 1990.

CHANDLER, Justice:

Crown Cork and Seal Company, Inc. (Crown) appeals property taxes assessed by Respondent South Carolina Tax Commission (Tax Commission) for tax years 1978-1982.

We affirm.

## FACTS

Crown operates a manufacturing plant in Cheraw, South Carolina. In 1977, it added $13,522,700 worth of new machinery, with installation costs of $5,464,400. In reporting the value of the machinery for property tax purposes, Crown did not include the installation costs. It did, however, include them in its gross capitalized cost for machinery on its income tax returns. Subsequently, Tax Commission assessed taxes on the value of installation costs for tax years 1978-1982. Tax Board of Review and Circuit Court agreed with Commission that installation costs were properly included in assessing the value of the machinery for property tax purposes.

## ISSUE

The sole issue is whether installation costs are to be included in valuing property for tax assessment purposes.

## DISCUSSION

S.C. Code Ann. § 12-37-930 (Cum. Supp. 1989) provides:

> All property shall be valued for taxation at its true value in money which in all cases shall be held to be the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed as to the uses and purposes for which it is adapted and for which it is capable of being used. . . . *Provided, further, fair market value* of manufacturer's machinery and equipment used in the conduct of the manufacturing business *. . . shall be determined by reducing the original cost by an annual allowance for depreciation . . .* [Emphasis supplied].

In 1979, in response to a request from Tax Commission, the Legislature amended § 12-37-930 to define original cost as "gross capitalized cost as shown by the taxpayer's records for income tax purposes." 1979 Act No. 116, § 1.[1]

" . . . Article X, Section 2 [of the South Carolina Constitution] confers authority upon the General Assembly

---

[1] Crown does not challenge the constitutionality of § 12-37-930 but merely contends Tax Commission's definition of "original cost" is inconsistent with fair market and true value.

to define the classes of property subject to taxation and most importantly to define the value of such property." *S.C. Tax Commission v. S.C. Tax Board*, 278 S.C. 556, 561, 299 S.E. (2d) 489, 492 (1983).

Where a statute is clear and unambiguous, its terms must be given their literal meaning. *Duke Power Co. v. S.C. Tax Commission*, 292 S.C. 64, 354, S.E. (2d) 902 (1987). Here, the statutory definition of "original cost" is clear and unambiguous. Crown elected to add its installation costs to the manufacturer's cost in determining gross capitalized costs for income tax purposes. As a result of this decision by Crown, Tax Commission was compelled to include these installation costs in assessing the property tax.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.