1713

James L. SPOONE, Appellant v. NEWSOME CHEVROLET BUICK and
the Randolph W. Hope Company, Inc., Respondents.

(412 S.E. (2d) 434)

Court of Appeals

*D. Michael Kelly,* of *Suggs & Kelly,* Columbia, *for appellant.*

*Douglas J. Robinson* and *Robert J. Sheheen,* both of *Savage, Royall & Sheheen,* Camden, *for respondents.*

Heard June 4, 1991; Decided Oct. 28, 1991.

Reh. Den. Jan. 24, 1992.

BELL, Judge:

This is a statutory proceeding for worker's compensation. James L. Spoone filed a claim for benefits against his employer, Newsome Chevrolet Buick, Inc. The single commissioner awarded compensation and the full commission affirmed. Newsome appealed to the circuit court. The court reversed the award on the ground that the claim was barred by Section 42-9-60, Code of Laws of South Carolina, 1976, which prohibits compensation if the injury was occasioned by the intoxication of the employee. Spoone appeals. We affirm.

The facts of the case are stipulated. Newsome employed Spoone as a car salesman in Columbia, South Carolina. During December, 1985, Newsome's management promoted a month long sales contest between two teams of employees. The winning team would receive a steak dinner party. This party was one of a series of social events which were regularly held by Newsome to promote sales. Spoone's team won the contest.

The party was held on January 8, 1986. In addition to the dinner, Newsome provided a serve yourself "open bar" with liquor and beer. Spoone left the party highly intoxicated to drive home in a "demonstrator" car Newsome furnished for his personal use. He sustained serious injuries when he "flipped" the car on the highway. At the time of the accident he was legally intoxicated. The parties agree that the accident was caused by his intoxication. For purposes of this appeal, Newsome has abandoned any argument that Spoone was not acting within the course and scope of his employment at the time of the accident.

The single commissioner concluded Spoone suffered compensable injuries. He reasoned that since the employer provided an "open bar" to its employees with the knowledge they would be drinking and driving, it should be equitably estopped from raising Section 42-9-60 as a defense. The circuit court held that equitable estoppel could not be invoked to nullify the prohibition of a mandatory statute.

The narrow issue presented for our decision is whether the doctrine of equitable estoppel may be used to overcome the bar of Section 42-9-60. This is a question of first impression in South Carolina.

As a general rule, the doctrine of equitable estoppel may not be invoked to nullify a mandatory statutory restriction. *Freeman v. Fisher*, 288 S.C. 192, 341 S.E.

(2d) 136 (1986). The rule rests on the principle that equity will not prevail over a positive enactment of the legislature. *Town of Zebulon v. Dawson*, 216 N.C. 520, 5 S.E. (2d) 535 (1939). There is a sound reason for this principle. An important function of legislation is to consider and to balance the competing interests and equities arising from the conduct of human affairs. Worker's compensation laws are a classic example of this legislative balancing of the equities. *See Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986), *cert. denied*, 292 S.C. 230, 355 S.E. (2d) 861 (1987) (statute embodies legislative balancing of advantages between employer and employee to afford widest practical coverage for work related injuries). When the legislature has struck a balance by enacting a statutory rule, the courts have no prerogative to annul the legislative choice by applying "chancellor's foot" notions of equity in its place. Stated differently, "[I]t is not the province of this Court to perform legislative functions." *Henderson v. Evans*, 268 S.C. 127, 130, 232 S.E. (2d) 331, 333 (1977). The function of equity is to supplement the law, not to displace it. *See Town of Zebulon v. Dawson, supra.*

In this case, the language of the statute is plain and unqualified. It lists no exceptions. We cannot, under the guise of doing equity, allow what the General Assembly has expressly prohibited.

Affirmed.

SHAW, J., concurs.

GARDNER, J., dissents with separate opinion.

GARDNER, Judge (dissenting):

I respectfully dissent. My dissent is based upon my conviction that the trial judge by the appealed order and my brothers of the majority opinion err in several respects. First, it is my conviction that S.C. Code Ann. Section 42-9-60 (1976) is a mandatorily restrictive statute but is not a statute which applies to the facts of this case. And second, I would hold that in view of the law of this state pertaining to the possession of alcoholic beverages on business premises, other than retail liquor stores and businesses with mini-bottle licenses, that

Newsome Chevrolet Buick's (NCB) conduct was so inconsistent with the defense of intoxication as to amount to an intentional waiver which worked an estoppel as to that defense.

My research reveals that S.C. Code Ann. Section 61-13-260 (1976), much to my approval, provides "[i]t shall be unlawful for any person to store or have in possession any alcoholic liquors in his place of business other than a licensed liquor store. . . ." S.C. Code Ann. Section 61-5-20 (1976) sets forth the places where alcoholic liquor may be lawfully possessed and lawfully consumed. Section 61-5-20(2)(a) and (b) provides:

> (2) Any person may possess or consume alcoholic liquors:
> (a) In a private residence, hotel room or motel room;
> **(b) Or on any other property not engaged in any business or commercial activity, . . . . .**
> [Emphasis ours.]

Section 61-5-20(4) provides that it is legal to sell and consume under certain circumstances alcoholic liquors and beverages sold in sealed containers of two ounces or less. Our Supreme Court has construed this statute's predecessor, the brown bagging law, to be *in pari materia* with Section 61-13-260 and held, in effect, that Section 61-13-260 is inapplicable in those places and times when it is legal to sell and consume mini-bottles. *Lewis v. Gaddy*, 254 S.C. 66, 173 S.E. (2d) 376 (1970).

S.C. Code Ann. Section 61-5-110 (1976) provides that a violation of Section 61-5-20 shall constitute a misdemeanor.

With the above-noted exceptions of retail liquor stores and businesses licensed to sell mini-bottles, Sections 61-13-260, 61-5-20(2)(a) and (b) and 61-5-110 read together make it unlawful for a person engaged in business or a commercial activity to possess or serve for consumption alcoholic beverages in his place of business.

The result of the majority opinion, in my opinion, rewards the violation of these statutes and works an unjust and illegal forfeiture of workers' compensation. I cannot concur in this contradiction of the announced public policy of our state.

As noted in the majority opinion, Section 42-9-60 provides that an injury will not be compensable under the Workers' Compensation Act if it is caused by intoxication. I would hold that the Legislature did not intend this section to be applica-

ble in those situations where an employer, who has neither a retail liquor store license nor a mini-bottle license, in violation of Sections 61-13-260 and 61-5-20(2)(a) and (b) possesses liquor in the work place, supplies the liquor, encourages his employees to drink liquor on the job, and then allows the employee to drive a company provided automobile.

I would hasten to add that the facts of this case are very different from those of Christmas parties or other gatherings to which spouses are invited and attendance is neither implicitly nor explicitly required.

## I.

## STATUTORY CONSTRUCTION

### Background Considerations

The fundamental premise of this dissent is that the room rented by NCB was a place of business because the purposes for renting the room were sales motivation and sales promotion. Management paid for the rooms, the liquor, the set-ups, and the dinner. And, ostensibly, management considered this money well spent as a legitimate and tax deductible business expense. The room was, therefore, a place of business rented for business purposes. It was, I would hold, an extension of NCB's main place of business.

I question my brothers' characterization of the meeting as a party or a social event. It was social only insofar as the word has a connotation of being about the interaction of human beings. It was a party room only insofar as management furnished liquor with the subtle coercion of a boss suggesting that the worker have a drink with him. It was a situation in which an invitation was equivalent to a command. Spouses were not invited. Management personnel made speeches. The purpose was purely to motivate the salesmen to make more sales. This was the purpose and the meeting would not have been held without the hope of management that this purpose be accomplished.

### Analysis

In analyzing this case, I fear it is so easy and comfortable to get hung up on the idea that Spoone voluntarily drank the liquor and became intoxicated and the fault was therefore all

his own. This I think is patently erroneous reasoning lacking a clear view of the frailties of man, the realities of the real facts of life, the announced public policy of this state, and the announced law of this state. These considerations require, except in cases where it becomes a matter of law, that the fact finder in certain relationships be given the leeway of determining whether the supplying of the liquor, as opposed to the drinking thereof, is the cause of the accident. This Court in an analogous situation in the case of *Christiansen v. Campbell*, 285 S.C. 164, 328 S.E. (2d) 351 (1985) adopted the "Dramshop" rule in South Carolina. There this Court held, in effect, nondemurrable an allegation that a shopkeeper in violation of a statute sold alcohol to an intoxicated plaintiff and the providing of the alcohol, as opposed to the drinking thereof, might be the proximate cause of the plaintiff's injuries.

This Court recognized in *Christiansen* the frailties of man just as the Legislature has recognized this truth. The Legislature has recognized the frailties of man in at least three situations. Sections 61-13-260 and 61-5-20 make it unlawful for a business person or corporation such as NCB not licensed by the ABC to possess alcoholic beverages in his place of business and to consume alcoholic beverages there. Section 61-13-290 provides that it shall be unlawful for any person engaged in the sale of alcoholic liquors to knowingly sell liquor to a person under twenty-one years of age. And, of course, there is Section 61-9-410, referred to in *Christiansen*, which makes it unlawful to sell liquor to an intoxicated person. Thus, the Legislature recognized the frailty of an intoxicated person, the disability of a minor and the fact that an employer has a superior position to the employee who has a subservient position permitting subtle coercion.

It is also interesting that proximate cause is a test of causation when intoxication is set up as a defense in a workers' compensation case. In all other compensation cases, the test of causation is the "arising out of" concept. When the employer illegally supplies the liquor for on-the-job liquor drinking, the work environment militates that the test of causation be the "arising out of" concept because it arises out of the work environment—out of the employment. I believe that the Legislature had this in mind when passing Sections 42-9-60 and 61-13-260.

All the above brings us to the question of statutory construction about Sections 42-9-60 and 61-13-260. Two rules pertaining to statutory construction are applicable. These two rules are (1) the rule relating to the construction of statutes *in pari materia*, and (2) the construction of two or more statutes which are *in pari materia* and also apply to issues involving the public policy of the state.

With reference to the construction of statutes *in pari materia*, both Sections 61-13-260 and 42-9-60 relate to alcohol in the work place and, I submit, its effect in the work place. Separate statutes relating to the same subject matter must be construed together and effect given to each. *Columbia Gaslight Co. v. Mobley*, 139 S.C. 107, 137 S.E. 211 (1927). These statutes are *in pari materia* and declare the public policy of this state. It is a fundamental rule of construction of statutes in this state that in cases such as these, statutes should be construed together since they constitute one law, one system and are governed by one spirit and policy and that it was the intent of the Legislature that they be harmonized and effect given to each statute unless they are totally inconsistent.

The rule of statutory construction of statutes pertaining to public policy is strong. **"When a statute is a part of other legislation, designed as a whole to establish an expressed state policy, the court should strive to effectuate that policy."** *Gregg Dyeing Co. v. Query*, 166 S.C. 117, 164 S.E. 588 (1931).

No one should dispute that, with the exception of licensed retail liquor stores and businesses licensed to sell mini-bottles, Sections 42-9-60 and 61-13-260 establish the public policy of this state with reference to intoxication on the job and the possession and consumption of alcohol in the **work** place. Importantly, Section 61-13-10 provides that the illegal possession of alcoholic beverages shall constitute a common nuisance. A nuisance, among other things, is conduct injurious to health and morals. A common or public nuisance is a nuisance which affects all citizens of the community or state.

With the above in mind, the courts of this state must construe Sections 42-9-60 and 61-13-260 not only as statutes *in para materia* but also as statutes declaring the public policy of this state. We must then construe the two statutes so as to give effect to both of them in arriving at the intent of the General Assembly.

As previously noted, I would hold that the Legislature did not intend that Section 42-9-60 be applicable in those situations where an employer in violation of law (Section 61-13-260) possesses liquor in the work place, supplies the liquor, encourages his workers to drink liquor on the job, and then allows an employee to drive a company provided automobile. The simple truth of the matter is, in my opinion, the Legislature clearly intended that Section 42-9-60 only applies to situations in which an employee comes to work drunk or after coming to work gets drunk on liquor other than that supplied by the employer.

The giving effect to both statutes accords to each statute the Legislature's intended purpose with reference to the public policy of this state. *Hay v. S.C. Tax Commission*, 273 S.C. 269, 255 S.E. (2d) 837 (1979). Moreover, I sincerely believe that the Legislature, in passing the two statutes, intended to address two separate evils. In order to give effect to this intention, the analysis of this dissent must be accepted. The majority opinion defeats what I believe to have been the clear intent of the Legislature. In my mind, the Legislature, endowed with the "common sense of most," foresaw the inconsistency of an employer saying to a worker: "Have a drink [of liquor] with me." And then saying, "You should not have drunk it."

For the above reasons, I would hold that Section 42-9-60, although it is a mandatorily restrictive statute under certain circumstances, is not applicable to the facts of this case where there was a clear violation of Section 61-13-260. NCB's conduct was not only illegal; it was also conduct which constituted a common nuisance, i.e., conduct offensive to the health and morals of the citizenry of this state at large and especially to the workers of this state.

## II.

### WAIVER AND ESTOPPEL

I am particularly concerned because NCB illegally possessed and served the liquor for on-the-job drinking and now claims that the results of their misconduct works a forfeiture of workers' compensation benefits. This creates a blurred situation about waiver and estoppel in which the two are merged into one doctrine.

Waiver implies an intention to give up a known right and

generally rests in an agreement, expressed or implied. But there may be a waiver by estoppel, in which case the conduct of one, inconsistent with a known fact and inducing a belief that such fact would not be asserted, precludes him from asserting that he has not intentionally relinquished the right founded on such fact. *Johnson v. Life and Casualty Ins. Co. of Tennessee,* 191 S.C. 96, 102, 3 S.E. (2d) 805, 807 (1939). There is no question but what NCB is presumed to have known that it was violating the law by possessing and serving alcoholic liquor for liquor drinking on the job. "Everyone is conclusively presumed to know the law of the land—including statutory law and the consequences of violating such law." 22A C.J.S. Criminal Law Section 700 (1989). There is a clear implication of intent in this situation. Certainly, it was conduct calculated to convey the impression to the salesmen that their drinking liquor on the job was acceptable and an acknowledgment by NCB that it would not thereafter inconsistently take the position that the results of the liquor drinking which it brought about would be used against the salesmen. And certainly NCB can be charged with having expected the employees to drink the liquor it illegally offered while they were working.

As to Spoone and the other salesmen, they had no means of establishing that NCB would later take the position that they should not have drunk the liquor NCB provided for them. Spoone and the other salesmen obviously relied upon NCB's conduct in setting up an open bar with expensive liquor and that is the reason they drank on the job. Spoone and the other salesmen drank on the job, which they ordinarily would not have done, and are therefore obviously prejudiced by NCB's illegal conduct which has been declared to be a common nuisance in this state.

Equitable estoppel arises from conduct and prevents the assertion of technical rights contrary to equity and good conscience. *State v. Williams,* 141 S.C. 265, 139 S.E. 625 (1927). Moreover, estoppel is an equitable doctrine, essentially flexible, and therefore to be applied or be denied as equities between the parties may preponderate. *Pitts v. New York Life Ins. Co.,* 247 S.C. 545, 148 S.E. (2d) 369 (1966).

I need no authority for the proposition that the courts of this state abhor a forfeiture. It is particularly abhorrent to me that NCB violated the law of this state to the extent that it

served liquor for on-the-job drinking and then takes the position that its own conduct effectuated a forfeiture of the workers' compensation benefits which protect the workers of this state.

The appealed order and Spoone's brief cite cases[1] from other jurisdictions for the proposition that when an employer serves liquor to his employees for on-the-job liquor drinking the employer is estopped thereafter to assert the defense of intoxication in a workers' compensation proceeding. The logic of these cases is most persuasive. In South Carolina the reasoning of these cases, I would submit, becomes dispositive because of the criminal laws of this state which declare it illegal for an employer such as NCB to possess in his place of business and to serve liquor for on-the-job liquor drinking to his employees. A reading of the footnoted cases does not disclose statutes similar to Section 61-13-260 in the states giving rise to these cases. This is something peculiar to South Carolina and, of course, emphasizes the validity of the application of estoppel in these cases.

## CONCLUSION

For the above reasons, I would hold that the Legislature did not intend that Section 42-9-60 apply to a situation in which an employer such as NCB possesses and serves liquor on his business premises to his employees for on-the-job liquor drinking. And I would hold further that the Commission, in its wisdom, as the fact finders of this case, held that all the elements of estoppel are present in this case and that NCB is estopped to assert the defense of intoxication. I would also hold that NCB waived the defense of intoxication and that this waiver worked an estoppel perforce of *Johnson* since intent on the part of NCB is presumed by law.

---

[1] Probably the first jurisdiction to apply the doctrine of estoppel against an employer in these type cases was California in *Satchell v. Industrial Acc. Comm.*, 94 Cal. App. (2d) 473, 210 P. (2d) 867 (1949). *See also McCarty v. Workmen's Compensation Appeals Board,* 12 Cal. (3d) 677, 117 Cal. Rptr. 65, 527 P. (2d) 617 (1974). Since then, New Hampshire, Indiana, Rhode Island and Florida have followed a similar course. *See Henderson v. Sherwood Motor Hotel, Inc.*, 105 N.H. 443, 201 A. (2d) 891 (1964); *U.S. Steel Corp. v. Mason,* 141 Ind. App. 336, 227 N.E. (2d) 694 (1967); *Beauchesne v. David London and Co.*, 118 R.I. 651, 375 A. (2d) 920 (R.I. 1977); *West Florida Distributors v. Laramie,* 438 So.d 133 (Fla. App. 1983).

For the above reasons, I would affirm the Commission's order and reverse the appealed order.