## 23743

James L. SPOONE, Petitioner v. NEWSOME CHEVROLET-BUICK
and the Randolph W. Hope Company, Inc., Respondents.

(424 S.E. (2d) 489)

Supreme Court

*D. Michael Kelly*, of *Suggs & Kelly*, Columbia, *for petitioner*.

*Robert J. Sheheen*, of *Savage, Royall and Sheheen*, Camden, *for the respondents*.

Heard Oct. 27, 1992.

Decided Nov. 30, 1992.

TOAL, Justice:

This case arises on a Writ of Certiorari to review the Court of Appeal's decision denying a Workers' Compensation claim made by an employee whose injuries were proximately caused

by intoxication after he consumed employer-provided alcohol at a company function.

## Facts

James Spoone (Spoone) was employed as a car salesman by Newsome Chevrolet-Buick (Newsome). Newsome's management promoted a month-long sales contest culminating in a free steak dinner party to reward the winning sales team. Spoone, as a member of the winning sales team, attended the dinner party for the sales force where alcoholic beverages were provided by Newsome at an open bar. This type of social event was part of an ongoing management effort to increase sales. In addition to the dinner and drinks at the party, there were motivational speeches by at least one member of Newsome's management.

After leaving the party, Spoone was injured in a single-car accident while driving the company vehicle provided by Newsome. It was stipulated by the parties that Spoone was legally intoxicated and that this intoxication was the proximate cause of the accident.

Spoone filed for Workers' Compensation benefits as a result of this accident. A hearing was held before a single Commissioner, W.J. Fedder, who granted Spoone an award of compensation. Newsome appealed to the Full Commission where the award of compensation was affirmed. On appeal to the Circuit Court, Judge Howell reversed the Commission's decision. Spoone appealed to the Court of Appeals where the Circuit Court's decision was affirmed in *James L. Spoone v. Newsome Chevrolet-Buick the Randolph W. Hope Company, Inc.*, — S.C. —, 412 S.E. (2d) 434 (S.C. App. 1991) (Gardner dissenting). After a petition for Rehearing *En Banc* was denied by the Court of Appeals, Spoone's petition for a Writ of Certiorari was granted.

## Law/Analysis

The issue presented here is whether S.C. Code Ann. § 42-9-60 (1986), which bars compensation for injuries sustained by an intoxicated employee, can be asserted as a defense to a Workers' Compensation claim where the employer provides alcoholic beverages at a company-sponsored business function.

It is axiomatic that South Carolina's Workers' Compensation Act allows an employee to recover Workers' Compensation benefits for an on-the-job injury regardless of whether or not the employee is at fault. Where, however, the on-the-job injury is proximately caused by an employee's intoxication, our statute specifically bars the employee from receiving benefits. Section 42-9-60 provides:

> [n]o compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the wilful intention of the employee to injure or kill himself or another.

S.C. Code Ann. § 42-9-60 (1986). Thus, our code mandates the bar to recovery.

It should be noted that in applying the absolute bar of this statute created by employee intoxication, we have previously held that intoxication must be the proximate cause of the injury. *Kinsey v. Champion American Service Center*, 268 S.C. 177, 232 S.E. (2d) 720 (1977). (Worker's Compensation recovery allowed where work-related injury was not the result of employee's intoxication.) Here, it is stipulated that the employee's intoxication proximately caused the injury.

The appellant argues that employer should be equitably estopped to assert the statutory bar by reason of its conduct in supplying alcohol to the employee and encouraging its consumption. The Court of Appeals correctly rejected this argument. Judge Bell, writing for the majority, relied on our decision in *Freeman v. Fisher*, 288 S.C. 192, 341 S.E. (2d) 136 (1986), holding that, as a general rule, equitable estoppel could not be invoked to nullify a mandatory statutory restriction. He further relied on *Town of Zebulon v. Dawson*, 216 N.C. 520, 5 S.E. (2d) 535 (1939), which establishes the rule that equity will not prevail over a positive enactment of the legislature. The logic of his opinion is self-explanatory and sound.

Because South Carolina adopted large portions of the North Carolina Workers' Compensation legislation, we rely on North Carolina precedent in Workers' Compensation cases. *Nolan v. Daley*, 222 S.C. 407, 73 S.E. (2d) 449 (1952). It is interesting to note that the North Carolina statute specifically addresses this issue by *allowing* the employee to maintain a

claim where the employer provides the intoxicant. N.C. Gen. Stat. § 97-12 (1991),[1] provides

> [n]o compensation shall be payable if the injury or death to the employee was proximately caused by . . . [h]is intoxication *provided the intoxicant was not supplied by the employer* or his agent in a supervisory capacity to the employee. . . .

*Id.* (Emphasis added.)

The absence of this language in S.C. Code Ann. § 42-9-60 (1986),[2] indicates an intent by our General Assembly to draw a strict line. Just as in *State v. Breech,* — S.C. —, 417 S.E. (2d) 873 (1992), we decline to judicially legislate an answer, which is solely within the authority of the legislature. *See Id; Doe v. R.D.,* — S.C. —, 417 S.E. (2d) 541 (1992); *Crown Cork and Seal Co. v. S.C. Tax Commission,* 302 S.C. 140, 394 S.E. (2d) 315 (1990).[3]

■ Although arguably not properly preserved for appeal, Spoone attempts to posit the argument raised in the Court of Appeal's dissent written by Judge Gardner. In his dissent to the Court of Appeal's majority, Judge Gardner proposes that the employer should be equitably estopped from raising the employee intoxication bar because the liquor was illegally possessed and served. This argument must fail because it ignores the fact that the function was held at the

---

[1] An examination of the North Carolina legislative history reveals that the statute was amended to include this language in 1975.

[2] This statute was adopted in 1936, and has remained relatively unchanged. The fact that the General Assembly has not acted to change the language of the statute can mean one of two things. The first is that it is an oversight by our legislature. The second is that the General Assembly has made an affirmative decision by not adopting the North Carolina language. Regardless of the reasoning, our legislature has remained silent on the issue since at least 1975.

[3] The appellate makes a very logical argument for adopting a policy which penalizes employers who actively encourage on-the-job drinking by denying such employers the benefit of the employee intoxication bar. In *McCarty v. Workmen's Compensation Appeals Board,* 12 Cal. (3d) 677, 117 Cal. Rptr. 65, 527 P. (2d) 617 (1974), and *Beauchesue v. David Condon,* 118 R.I. 651, 375 A. (2d) 920 (1977), the California and Rhode Island Supreme Courts concluded that despite the absolute bar of the statute, the responsibility for injury caused by on-the-job intoxication will rest with the employer where the employer encourages on-the-job drinking. Given the policy implications in an area where the entire scheme of compensation is a creature of statute, this decision must rest with the General Assembly.

Holiday Inn in Lugoff, not in Newsome's showroom. Section 61-5-20(2)(a) and (b) permits possession and consumption of alcohol in a motel room, private residence, or any other property not engaged in business or commercial activities. The attempt to extend Newsome's place of business to include the motel is creative; however, it ignores the intent of the legislature and chills any business from ever holding a function where alcohol is served. The statute relied on by the dissent has a clear place in the part of South Carolina's statutory framework which prohibits the unauthorized sale of alcohol. The logic of the dissent's statutory interpretation eludes us and is not the law in South Carolina. Any reliance by Spoone on the dissent is misplaced.

For these reasons, we agree with the majority in *James L. Spoone v. Newsome Chevrolet-Buick the Randolph W. Hope Company, Inc.*, — S.C. —, 412 S.E. (2d) 434 (S.C. App. 1991), and accordingly, AFFIRM.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.