**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lauren L. Kyle, Appellant,

v.

Dorchester County Chapter SPCA, a/k/a Frances R. Willis SPCA, Respondent.

Appellate Case No. 2013-000820

―――――――――

Appeal From Dorchester County
Maite D. Murphy, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-038
Submitted December 1, 2015 – Filed January 20, 2016

―――――――――

**AFFIRMED**

―――――――――

Waring Simons Howe, Jr., of the Law Office of Waring S. Howe, Jr., of Charleston, for Appellant.

Amanda R. Maybank, of Maybank Law Firm, LLC, and Jason Alan Daigle, of Young Clement Rivers, both of Charleston, for Respondent.

―――――――――

**PER CURIAM:** Lauren Kyle appeals the trial court's dismissal of her personal injury suit against Dorchester County Chapter Society for the Prevention of Cruelty to Animals (SPCA) for lack of subject matter jurisdiction. Kyle argues the

trial court erred in finding (1) she was a covered employee under the Workers' Compensation Act, (2) she was a statutory employee of the SCPA, and (3) public policy disfavors dismissal. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding Kyle was a covered employee under the Workers' Compensation Act: *Sabb v. S.C. State Univ.*, 350 S.C. 416, 422, 567 S.E.2d 231, 234 (2002) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong."); *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 216, 661 S.E.2d 395, 398 (Ct. App. 2008) ("Whether or not an employer-employee relationship exists is a jurisdictional question."); *id.* at 216, 661 S.E.2d at 399 ("As a result, this court has the power and duty to review the entire record and decide the jurisdictional facts in accord with its view of the preponderance of the evidence."); *id.* at 217, 661 S.E.2d at 399 ("It is the policy of South Carolina courts to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Workers' Compensation Act."); S.C. Code Ann. § 42-1-505 (2015) ("The Department of Probation, Parole and Pardon Services may elect to cover convicted persons under its custody or supervision with workers' compensation benefits in accordance with the provisions of this title. For purposes of this section, the department is considered the employer for those persons under its custody or supervision performing public service employment."); S.C. Code Ann. § 42-1-310 (2015) ("Every employer and employee, except as stated in this chapter, shall be presumed to have accepted the provisions of this title respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby."); S.C. Code Ann. § 42-1-540 (2015) ("The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . .").

2. As to whether the trial court erred in finding Kyle was a statutory employee of the SPCA: S.C. Code Ann. § 42-1-400 (2015) ("When any person, . . . referred to as 'owner,' undertakes to perform or execute any work which is a part of his trade, business[,] or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

employed in the work any compensation under this title which he would have been liable to pay if the workman had been immediately employed by him."); *Voss v. Ramco, Inc.*, 325 S.C. 560, 567, 482 S.E.2d 582, 585-86 (Ct. App. 1997) (stating the exclusivity provision of the Workers' Compensation Act applies to both direct and statutory employees under section 42-1-400); *id.* (stating section 42-1-400 has been extended to cover an injured worker of a subcontractor performing work which is part of the owner's trade, business, or occupation); *Poch v. Bayshore Concrete Products/S.C., Inc.*, 386 S.C. 13, 25, 686 S.E.2d 689, 695 (Ct. App. 2009) ("In determining whether a worker is a statutory employee, our courts consider the following three factors:  '(1) whether the activity is an important part of the trade or business, (2) whether the activity is a necessary, essential and integral part of the business, and (3) whether the identical activity in question has been performed by employees of the principal employer.'" (quoting *Bailey v. Owen Elec. Steel Co. of S.C., Inc.*, 298 S.C. 36, 39, 378 S.E.2d 63, 64 (Ct. App. 1989), *rev'd on other grounds*, 301 S.C. 399, 392 S.E.2d 186 (1990)), *aff'd as modified*, 405 S.C. 359, 747 S.E.2d 757 (2013)); *Olmstead v. Shakespeare*, 354 S.C. 421, 424, 581 S.E.2d 483, 485 (2003) ("If the activity at issue meets even *one* of these three criteria, the injured employee qualifies as the statutory employee . . . .").

3.  As to whether the trial court erred in finding public policy favors shielding the SPCA from responsibility:  *Spoone v. Newsome Chevrolet Buick,* 306 S.C. 438, 440, 412 S.E.2d 434, 435 (Ct. App. 1991) ("[I]t is not the province of this [c]ourt to perform legislative functions." (first alteration in original) (quoting *Henderson v. Evans,* 268 S.C. 127, 130, 232 S.E.2d 331, 333 (1977)), *aff'd*, 309 S.C. 432, 424 S.E.2d 489 (1992)); *S.C. Farm Bureau Mut. Ins. Co. v. Mumford*, 299 S.C. 14, 20, 382 S.E.2d 11, 14 (Ct. App. 1989) ("Once the [l]egislature has made [a] choice, there is no room for the courts to impose a different judgment based upon their own notions of public policy."); *Spoone,* 306 S.C. at 440, 412 S.E.2d at 435 ("Worker's compensation laws are a classic example of this legislative balancing of the equities.  When the legislature has struck a balance by enacting a statutory rule, the courts have no prerogative to annul the legislative choice by applying 'chancellor's foot' notions of equity in its place." (citation omitted)).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**