20980

Frank S. and Jane C. Hay, Respondents, v. SOUTH CAROLINA TAX COMMISSION, and Robert C. Wasson, Chairman, Raymon R. Finch, Jr., Commissioner, and Charles N. Plowden, Commissioner, constituting the members of the South Carolina Tax Commission, Appellants.

(255 S. E. (2d) 837)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr., Sr. Asst. Atty. Gen. G. Lewis Argoe, Jr.* and *Asst. Atty. Gen. John C. von Lehe,* Columbia, *for appellants.*

*Richard A. Jones, Jr.* of *Dodson & Dodson,* Greenville, *for respondents.*

June 7, 1979.

*Per Curiam:*

The following portions of the order of the lower court correctly dispose of all issues submitted on appeal, and will be reported as the judgment of this Court:

This action was brought pursuant to Section 12-47-210 and 12-47-220 of the South Carolina Code of Laws by the respondents to recover income taxes in the amount of Six Thousand Eight Hundred Forty-one and 60/100 ($6,841-.60) Dollars paid under protest by the respondents for the year 1971. The taxes were assessed by the South Carolina Tax Commission after audit on the ground that the respondent, Frank S. Hay, failed to report taxable gain in 1971 from the sale of stock in Associated Oil Company, Inc., equal to the difference between the selling price agreed upon for the stock and its basis less the deduction equal to one-half (½) of the long-term capital gain allowed in Section 12-7-660(6) of the Code.

The basic facts are not in dispute. The sale of stock was a redemption of such stock by Associated Oil Company, Inc., and although an agreement was made in 1971 whereby the company would redeem the seventy-five (75) shares of stock for a total price of Two Hundred Thousand and no/100 ($200,000.00) Dollars, the first annual payment of Twenty Thousand and no/100 ($20,000.00) Dollars was not due until September of 1973. An unsecured note of the corporation was given to evidence this indebtedness; however, the transaction was later modified and payment in full in the amount of Fifty Thousand and no/100 ($50,000.00) Dollars was made in 1972. The respondents reported no taxable income from the transaction in their timely filed 1971 South Carolina Income Tax Return, but they did include the Fifty Thousand and no/100 ($50,000.00) Dollar pay-

ment received on their 1972 South Carolina Income Tax Return. The appellant South Carolina Tax Commission treated the redemption of stock as a completed transaction and fully taxable in 1971 to the extent of the face value of the note.

The focus of this summary judgment action is whether the respondents satisfied the statutory requirements necessary to report this sale of stock on the installment basis and thus correctly reported no taxable income from the sale on their 1971 State Income Tax Return. If so, then the respondents are entitled to judgment and no further inquiry into the issue is necessary. If, however, the respondents did not qualify to report the sale of stock on the installment basis, the factual issue of the amount, if any to be reported in 1971 would then have to be determined. After review and deliberation, I have concluded that the respondents, in complying with state law regarding installment sales, properly reported no taxable income from the sale of stock in their South Carolina Income Tax Return for 1971.

Subsection (2) of Section 12-7-1360 of the South Carolina Code of Law permits installments reporting of gain from casual sales of real and person property. Subsetion (2) states:

(2) Income (but not loss) from a sale or other disposition of real property, or a casual sale or other casual dispotion of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxbale year) for a price exceeding one thousand dollars, may be returned on the basis and in the manner prescribed in item (1) of this section, except that such income may be so returned only if in the taxable year of the sale or other disposition there are no payments, or the payments (exclusive of indebtedness of the purchaser) do not exceed thirty per cent of the selling price. *Provided, however,* that the evidence of indebtedness outstanding on the property at the time of the sale or

disposition and assumed by the purchaser shall be considered as a part of the initial payment to the extent that such evidences of indebtedness exceed the cost or other basis of the property in the hands of the seller.

Item (1) referred to above provides as follows:

(1) A taxpayer who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price. This section shall be applicable only if the election by the taxpayer is claimed in a timely filed return.

Assuming for purposes of analysis that an "election" is necessary in order to report the casual sale of personal property on the installment basis under South Carolina law, the statute is silent in defining "election" and in specifying what constitutes a timely filed return. Although offering no form to be used for an "election", the appellant South Carolina Tax Commission has sought to require in its Rule 65-286:2R that a computation of gross profits from sales must be shown in the return for the year of sale. Their asserted requirement apparently applies even though no payments are received in the year of sale. No such command is found in the statute.

A statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute. *Caughman v. Columbia Y. M. C. A.,* 212 S. C. 337, 47 S. E. (2d) 788 (1948). Upon reviewing the statute, it is logical and practical to conclude that the legislature intended that an election could be reflected in the return of the year in which the first payment is actually received by inserting in the return the amount reportable as taxable income. Although the South Carolina Tax Commission is vested with rule making power for the purposes of carrying out legislative will ex-

pressed in statutory term, it has *no* authority to enact new laws in the nature of regulations to satisfy its own theory of income tax. *Heyward v. South Carolina Tax Commission,* 240 S. C. 347, 126 S. E. (2d) 15 (1962).

The actions taken by the respondents were consistent with an election to use the installment method. The respondents received no payments in 1971, and in computing their taxable income in the return for that year, which was timely filed, included no income from the transaction occurring in 1971. No income was includible until 1972 under the statute since no payment was received until that year. Their actions were tantamount to an election. An election can be defined as "a choosing or choice", Webster's New World Dictionary (2d ed. 1974), and the respondents made such a choice which was subsequently and properly reflected on their timely filed return when payment was received. In construing a statute, the words used should be given their ordinary and popular significance. *Martin v. Nationwide Mut. Ins. Co.,* 256 S. C. 577, 183 S. E. (2d) 451 (1971).

If there was an intention to restrict an election to report income on the installment basis to an election in writing to be made in the return for the year of sale, the statute would have so specified. As an example, Section 12-7-700(12) of the Code which permits a deduction to a taxpayer suffering a loss in the operation of a new facility, provides a loss carryover benefit if the taxpayer makes an "election in writing" included "in the first income tax return after the establishment or completion of the new facility." In regard to installment reporting, the legislature did not similarly restrict the election and neither this Court nor the Tax Commission may do so.

Therefore, it is ORDERED that judgment be entered in favor of the respondents in the amount of Six Thousand Eight Hundred Forty-One and 60/100 ($6,841.60) Dollars plus interest and costs.