21621

James Frank GODFREY, Thelma T. Kleckley, Curtis E. Braswell, Ernest B. Carnes, Bob L. Garrick, Marian W. McLean, William F. Pierce, Maxine Scarborough, Ann G. Stanley, William R. Thomas, Cecil I. Tucker, Sabrina T. Walker, Aubrey W. Watson and David J. Weeks, Plaintiffs-Appellants, v. George L. WEBB and Roscoe H. Still, as County Treasurer and Tax Collector of Barnwell County, Defendants-Respondents;

and

George L. WEBB, Plaintiff-Respondent, v. James Frank GODFREY, Thelma T. Kleckley, Curtis E. Braswell, Ernest B. Carnes, Bob L. Garrick, Marian W. McLean, William F. Pierce, Maxine Scarborough, Ann G. Stanley, William R. Thomas, Cecil I. Tucker, Sabrina T. Walker, Aubrey W. Watson, David J. Weeks; and any other persons whomsoever who may be successors or assigns of a limited partnership formerly known as Heritage Associates; Roscoe H. Still, as County Treasurer and Tax Collector of Barnwell County; and any other person or legal entity who has or claims any right, title, interest or lien in or to the real estate described in the Complaint herein, any unknown adults being as a class designated as John Doe, and any unknown minors or persons under other legal disability being as a class designated as Richard Roe, Defendants, of whom Roscoe H. Still is, Respondent, and all other Defendants are, Appellants.

(285 S. E. (2d) 883)

*Douglas McKay, Jr., of McKay, Sherrill, Walker & Townsend,* Columbia, *for plaintiffs-appellants.*

*Thomas M. Boulware, of Brown, Jefferies & Boulware,* Barnwell, *for defendant-respondent Still.*

*Terry E. Richardson, Jr.,* and *Thomas W. Weeks, Jr., both of Blatt & Fales,* Barnwell, *for plaintiff-respondent Webb.*

January 6, 1982.

HARWELL, Justice:

Two lawsuits in equity are involved in this appeal. The first is a suit to set aside a tax deed, and the other is a suit to confirm the same tax sale and validate the tax deed. At trial of the consolidated cases, the judge confirmed the tax sale and confirmed the title to the property in respondent Webb. Appellant alleges the trial judge erred because the tax levy was excessive. We agree and reverse.

In December, 1973, Heritage Associates, a limited partnership purchased approximately sixty-one (61) acres of property in Barnwell County for $71,500. The sole purpose of the partnership was to develop, sell, buy, assign and trade in notes, mortgages or other securities as to the property. James E. Kinard, Inman Smith, III, and David Jordan held a purchase money mortgage of $51,500 on the property; the mortgage is recorded in the RMC office for Barnwell County. In June, 1974, the general partner of Heritage Associates died. B. Frank Godfrey, agent for the Heritage group, never received a notice for the 1974 property taxes for the 61 acres. Consequently, the 1974 real property taxes of $28.68 were not paid by April 15, 1975, the last day the taxes could have been paid without being delinquent. On April 16, 1975, County Treasurer Still signed a warrant of execution against Heritage Associates. In a certified letter dated September 12, 1975, and addressed to the deceased general partner, Still stated that the 1974 taxes must be paid immediately or the property would be sold at public auction at the Barnwell County Courthouse on November 5, 1975. The letter was unclaimed by the addressee and returned unopened.

Subsequently, the property was advertised for sale in a local Barnwell County newspaper. (None of the Heritage group was a resident of Barnwell County.) Thereafter, a copy

of the newspaper advertisement was fastened to a "No Dumping" sign on the unoccupied property. On November 3, 1975, the property was sold at public auction for the delinquent 1974 taxes, penalty and interest of $29.14. Mr. Webb, whose bid of $350.00 was the highest bid, was informed of the outstanding mortgage on the property. However, the mortgagees were never notified of the tax sale. In January of 1976, Mr. B. Frank Godfrey, agent for the Heritage group, paid the 1975 taxes on the property. He enclosed a note with his payment informing the County Treasurer that all future notices should be sent to his address. On November 4, 1976, Mr. Still gave a tax deed for the property to George Webb. Nevertheless, the 1976 tax notice was sent to Mr. Godfrey, and he thereafter paid the 1976 taxes in December of 1976 on behalf of the Heritage group.

Meanwhile, Mr. Godfrey continued to make the annual mortgage payments on the property during 1975, 1976, and 1977. (Mr. Webb, the new owner, never paid anything on the outstanding mortgage). In March, 1978, Mr. Godfrey realized that he had not received a 1977 tax notice. He called the County Treasurer who informed him for the first time that the property had been deeded to Mr. Webb the previous November. These lawsuits followed.

The dispositive issue is whether the tax levy was excessive. S. C. Code Ann. § 12-49-460 (1976) governs the seizure and sale of property under execution for the enforced collection of taxes. That section states in pertinent part that:

Under and by virtue of such warrant or execution the sheriff shall: (1) Seize and take exclusive possession of *so much* of the defaulting taxpayer's estate, real, personal or both, *as may be necessary* to raise the sums of money named therein and such charges thereon. . . .

(Emphasis added.)

This mandatory language is designed to protect the property holder. *Commercial Bank of Augusta v. Sandford,* 103 F. 98 (D. S. C. 1900). The purpose of the law is to secure the tax

and not to strip the taxpayer of his property further than is absolutely necessary to effect such collection. 85 C. J. S. Taxation § 744 (1954). Although the 1974 tax, plus late penalty and interest amounted to only $29.13, the County Treasurer seized the complete sixty-one (61) acre tract. The appellants bought the land in 1973 for $71,500. At the least, the land was valued at $35,000. In any event, the trial court took judicial notice that the value and amount of land levied upon was "outrageous;" nevertheless, the judge concluded that the levy was reasonable.

In *Connor v. Williams*, 187 S. C. 119, 197 S. E. 211 (1938), we held that a complaint in an excessive levy action stated a cause of action when the land levied upon was valued at approximately $1000 while the delinquent taxes and penalties amounted to only $98.09. In the present case, the land was worth at the least 1000 times the amount of the delinquent taxes. County Treasurer Still admitted that he could have divided the land so as to levy upon a smaller portion; however, he chose to levy on the whole tract. We conclude that the levy was excessive, and therefore, invalid under §12-49-460(1).

Because we found that the levy was excessive, we reverse and declare that the tax sale is null and void.

Reversed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.