0150

John W. LINDSAY, As Chief Insurance Commissioner of The State of South Carolina, Respondent, v. MAIN INSURANCE COMPANY, Appellant.

(315 S. E. (2d) 166)

Court of Appeals

*David M. Ratchford, Charles F. Cooper, II*, of *Ratchford & Cooper*, Columbia, *for appellant.*

*L. Kennedy Boggs, Sarah G. Major*, Columbia, *for respondent.*

Heard March 1, 1984.

Decided April 13, 1984.

CURETON, Judge:

This is a delinquency proceeding instituted by the Chief Insurance Commissioner of South Carolina against Main Insurance Company, a foreign corporation, pursuant to S. C. Code Ann. Section 38-5-1690 (1976). Upon application of the Commissioner, Main was ordered to show cause why a conservator of its assets within the State should not be appointed. Following a hearing, the trial court appointed the Commissioner conservator of Main's assets and Main appeals. We affirm.

The material facts are not disputed. Main Insurance Company, domiciled in Illinois, became the sole owner of Eastern Fire and Casualty Company in 1967. Eastern was licensed to do business in this State and did so until 1971. In 1971, Main obtained its South Carolina license but never wrote insurance in its name. It merely renewed policies written by Eastern.

In 1977, a rehabilitator was appointed for Main by a court in Illinois which found that Main's total liabilities exceeded its assets. At the time of this hearing, a receivership action had been instituted in Illinois.

On March 9, 1979, the Commissioner determined that Main was insolvent though it had a statutory deposit in excess of $400,000 which was held by the Commissioner. Main's license was therefore revoked.

On November 6, 1980, the Commissioner petitioned to be appointed conservator of Main's assets in the State because claims of policyholders, claimants and creditors had not been satisfied. At the time, four known claims existed. Two were judgments obtained against Main's insureds totaling $15,000.

The third claim, not reduced to judgment, was for legal fees owed a South Carolina law firm. The fourth claim, involving another insurance company, was in litigation.

On March 5, 1981, the two judgment creditors petitioned the court for an order requiring the Department of Insurance to pay the judgments from interest accruing on Main's statutory deposit held by the Commissioner. Main joined in the request. The Commissioner opposed the petition contending that payment of the claims should await a final determination of the proceeding for appointment of a conservator.

The two petitions were heard together. The trial court appointed the Commissioner conservator and gave him authority to liquidate and distribute Main's assets in the State to those entitled within the State. The court denied the petition of the judgment creditors on the ground their remedy was to file their claims with the South Carolina Guaranty Association. No appeal was taken from this last provision of the order.

Two questions are presented on appeal. The first is whether there was sufficient evidence under Section 38-5-1530 to support the trial court's finding of delinquency. The second is whether the trial court abused its discretion in appointing a conservator of Main's assets.

According to Code Section 38-5-1690, the Commissioner may petition, and the court may enter an order, for the conservation of the assets of a foreign insurance company "in the manner prescribed in this article for delinquency proceedings against a domestic company on any one or more of the applicable grounds specified in Section 38-5-1530." Section 38-5-1530 provides:

> Delinquency proceedings may be commenced by the Chief Insurance Commissioner against any domestic insurance company whenever such company: (1) has liabilities exceeding its assets, or is otherwise deemed or found to be insolvent or in danger of insolvency by the Chief Insurance Commissioner, following examination into the affairs of the company;
>
> . . . .
>
> (11) Has failed to pay a final judgment rendered against it in any state upon any insurance contract issued or assumed by it . . . .

Main does not seriously dispute the fact that the company as a whole is insolvent. It contends first that since the intent of Section 38-5-1530 is to protect the interests of persons in this State, in applying the statute, the court should focus on whether persons in the State are at risk from Main's insolvency. In this context, Main points out that the Commissioner has the $400,000 statutory deposit out of which claims may be paid. Main also notes that it cannot remove the deposit until the Commissioner is satisfied all claims have been paid. Therefore, Main argues, there is no risk that South Carolinians will be harmed by Main's insolvency.

Main also argues that the word "insolvent" as used in Section 38-5-1530 should be construed to mean insolvency in this State. Main notes that the $400,000 statutory deposit far exceeds the claims made against it. Thus, it is not insolvent in South Carolina.

It is elementary that the court's primary function in ■ interpreting a statute is to ascertain the intention of the legislature, and when the terms of the statute are clear and unambiguous, the court must apply them according to their literal meaning. *Anders v. South Carolina Parole and Community Corrections Board,* 279 S. C. 206, 305 S. E. (2d) 229 (1983). There is no room for construction where the terms are clear. *Green v. Zimmerman,* 269 S. C. 535, 238 S. E. (2d) 323 (1977).

Section 38-5-1530 clearly states that delinquency may ■ be predicated on a finding that Main's liabilities exceed its assets following examination into the affairs of the company. The language is not limited by a requirement that the liabilities in this State exceed the assets here. Moreover, the extent of Main's liabilities in South Carolina are not yet known. It would be purely speculative to say even in South Carolina that Main's assets exceed its liabilities. Therefore, we dismiss Main's contentions.

Likewise, we find no merit in Main's argument that the ■ evidence fails to support the court's finding, pursuant to Section 38-5-1530(11), that Main failed to pay a final judgment rendered against it upon an insurance contract assumed by it. Main contends that under Section 38-5-730, the Commissioner was capable of and should have paid the judgments obtained against Main out of interest accruing on the

statutory deposit. Main further asserts that by joining in the judgment creditors' petition to have the Commissioner pay the judgments out of the deposit, it did not fail to pay the judgments. We agree with the Commissioner that Section 38-5-730 does not provide a shield for the insurer against a finding of delinquency.

In its final contention, Main argues that the court abused its discretion in appointing a conservator of Main's assets. Main points to several factors which, it argues, should have shown that the appointment of a conservator was unnecessary: (1) all South Carolina claims are protected by the statutory deposit; appointment of a conservator would provide no additional safeguards; (2) Main desires to handle its own affairs; (3) Main could perform the tasks of notification of claimants and distribution of assets as easily as a conservator; and (4) appointment of a conservator will cause delay to the claimants and Main, and will be expensive to Main.

Appointment of a conservator rested within the sound discretion of the trial judge. The exercise of that discretion will not be disturbed by this Court absent a clear showing of an abuse thereof. *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). Finding no such abuse of discretion, we overrule Main's exception.

Accordingly, for the reasons above-stated, the judgment of the trial court is

Affirmed.

GARDNER and BELL, JJ., concur.