1469

FIRST SOUTH SAVINGS BANK, INC., Respondent v. GOLD COAST ASSOCIATES, A South Carolina General Partnership, Robert H. Howorka, Allison Howorka, Daniel R. Denton, Catherine M. Denton, Marsh Harbor Owner's Association, Ferguson Enterprises, Inc. and Palmetto Federal Savings Bank, Defendants, of whom Robert H. Howorka, Daniel R. Denton, Allison Howorka and Catherine M. Denton are Appellants. Appeal of Robert H. HOWORKA, Daniel R. Denton, Allison Howorka, Catherine M. Denton.

(390 S.E. (2d) 486)

Court of Appeals

*Daniel R. Denton,* Beaufort, *for appellants.*

*Steven M. Anastasion,* Columbia, *for respondent.*

Heard Dec. 12, 1989.

Decided March 12, 1990.

SHAW, Judge:

Respondent, First South Savings Bank, Inc., foreclosed a mortgage held on property owned by Gold Coast Associates, a general partnership of which appellants, Robert H. Howorka, Daniel R. Denton, Allison Howorka and Catherine Denton were partners. The master ordered the property sold at public auction, but kept the bidding open since a deficiency judgment was sought. The partners petitioned for an appraisal and First South moved to quash the petition as untimely. The trial court granted the motion to quash and the partners appeal. We affirm.

On March 21, 1985, Gold Coast Associates executed a note to First South in the sum of $1,250,000.00. The partners signed as guarantors on the note and certain property was mortgaged to secure payment. On June 21, 1987, First South instituted foreclosure proceedings and requested a deficiency judgment. A hearing was held on December 29, 1987, and on February 2, 1988, the master issued his order finding the partners liable on the debt and ordered the property sold at public auction. The master further ordered the bidding to remain open for thirty days after the date of sale, as a deficiency judgment was demanded. Notice of sale was served on the partners on March 31, 1988 stating the master would offer the property to the highest bidder on April 4, 1988. A public auction was held on April 4, 1988 at which time First South entered the highest bid in the amount of $760,000.00 No upset bid was offered within the statutory thirty day period which ended May 4, 1988, and on June 6, 1988, the master issued his report on sale and disbursements calculating a total deficiency of $52,016.27.

On June 30, 1988, the partners filed and served a petition for order of appraisal which is more than thirty days after the bids were in. On July 19, 1988, First South filed and served a motion to quash the partners' petition for order of appraisal.

On August 11, 1988, a hearing was held on First South's motion to quash. An order confirming the master's report on sale and disbursements was signed by the master on September 13, 1988 and filed on September 27, 1988. On September 30, 1988, the circuit court issued on order quashing the partners' petition for order of appraisal for failure to make timely application.

The issue before us on appeal is when the time begins to run for filing a petition for order of appraisal pursuant to S.C. Code Ann. § 29-3-680 (Supp. 1988). That section provides as follows:

> In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked, whether he has theretofore appeared in the action or not, may *within thirty days after the sale of the mortaged property* apply by verified petition to the clerk of court in which the decree or order of sale was taken for an order of appraisal. (Emphasis added.)

The partners contend the date of sale contemplated in the above statute is the date of the order confirming the sale. We disagree.

The court's primary function in interpreting a statute is to ascertain the intention of the legislature, and when the terms of a statute are clear and unambiguous, the court must apply them according to their literal meaning. *Lindsay v. Main Ins. Co.*, 281 S.C. 331, 315 S.E. (2d) 166 (Ct. App. 1984). Words used in a statute should be given their plain and ordinary meaning unless something in the statute requires a different interpretation. *Multimedia, Inc. v. Greenville Airport Commision*, 287 S.C. 521, 339 S.E. (2d) 884 (Ct. App. 1986). Further, a statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute. *Hay v. S.C. Tax Commission*, 273 S.C. 269, 255 S.E. (2d) 837 (1979).

Upon reviewing the statute in question, we find the word "sale" refers to the judicial sale at public auction plus the thirty day period for possible additional bids. However, even if we were to accept appellants' argument that the meaning is ambiguous, we find the legislative intent was that such a date

would trigger the running of the thirty day period. This is a reasonable and practical construction consistent with the purpose and policy of the statute.

Further support for this conclusion can be found in a reading of Rule 71(b) S.C.R.C.P., governing procedure required for foreclosure. That rule provides in pertinent part as follows:

> Unless the pleadings state that no personal or deficiency judgment is demanded or any right to such judgment is expressly waived in writing, *the bidding shall not be closed upon the day of sale but shall remain open until the thirtieth day after such sale* exclusive of the day of the sale. (Emphasis added.)

We therefore hold the date of "sale," as contemplated by § 29-3-680, was May 4, 1988, the date when the master received all possible bids and knew all information necessary to make a final report. The circuit court properly quashed the motion for order of appraisal as it was not made within the required thirty day period.

Affirmed.

SANDERS, C. J., and BELL, J., concur.