2455

SOUTH CAROLINA NATIONAL BANK, Respondent v. Devine BLOS-SOM, a Limited Partnership, W. Croft Jennings, Jr., Individually and as General Partner, Theodore W. Crolly and Ann R. Jennings, of whom Devine Blossom, a Limited Partnership, W. Croft Jennings, Jr., Individually and as General Partner, and Ann R. Jennings are Appellants.

(467 S.E. (2d) 767)

Court of Appeals

*Lex A. Rogerson, Jr.,* Lexington, *for appellant.*

*Louis H. Lang,* Columbia, *for respondent.*

Submitted Dec. 5, 1995.

Decided Feb. 5, 1996; Reh. Den. Mar. 21, 1996.

HEARN, Judge:

This appeal concerns the dismissal of a petition for appraisal filed in connection with a mortgage foreclosure action. The sole issue on appeal is whether Devine Blossom, a limited partnership, W. Croft Jennings, Jr., individually and as general partner and Ann R. Jennings (appellants) timely petitioned the trial court for a deficiency appraisal pursuant to S.C. Code Ann. § 29-3-680 (Rev. 1991). We affirm the trial court's determination the petition was not timely filed.[1]

### *Facts & Procedural History*

The following facts are undisputed. In August 1991, South Carolina National Bank (respondent) instituted foreclosure proceedings against appellants in circuit court seeking to foreclose mortgages on three parcels of real estate and requesting a deficiency judgment. The case was referred to the master-in-equity with any appeal being directly to the supreme court. The master found appellants liable on the debt and, on January 15, 1992, entered this report granting foreclosure and ordering the property sold. The master submitted the three parcels of property to public auction on February 3, 1992, and kept the bidding open for thirty days thereafter in light of respondent's demand for deficiency judgment.[2] Bidding on the parcels closed on March 4, 1992, with respondent having bid

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

[2] Rule 71(b), SCRCP, governing procedure required for foreclosure, provides in pertinent part as follows:

successfully on two of the parcels and a third party having obtained the third parcel. Thereafter, the master issued an order for deficiency judgment calculating a total deficiency of $252,229.68.

Appellants filed notice of intent to appeal on March 13, 1992, challenging the foreclosure and the deficiency judgment. This court affirmed the master's decision and the supreme court denied certiorari on April 8, 1994.

On April 22, 1994, more than two years after bids on the property were in, appellants filed and served a petition for order of appraisal. Respondent moved to dismiss the petition on the ground it was untimely filed. In response to respondent's motion to dismiss, appellants argued the time limitation for applying for appraisal had been, in effect, tolled during their appeal pursuant to laws governing automatic stays. After a hearing on the matter, the circuit court granted respondent's motion to dismiss. This appeal followed.

## Discussion

Appellants assert the trial court erred in failing to find the time period allowed for applying for an appraisal was stayed by appeal of the deficiency judgment. We disagree.

S.C. Code Ann § 29-3-680 (Rev. 1991) provides that

> In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked, whether he has theretofore appeared in the action or not, may within thirty days after the sale of the mortgaged property apply by verified petition to the clerk of court in which the decree or order of sale was taken for an order of appraisal.

In *First South Savings Bank v. Gold Coast Assoc.*, 301 S.C. 158, 390 S.E. (2d) 486 (Ct. App. 1990), we construed this statute to determine when the time begins to run for filing a petition for order of appraisal. This court held the word "sale" in § 29-3-680 refers to the judicial sale at public auction plus the thirty-day period for possible upset bids. Thus, for pur-

---

Unless the pleadings state that no personal or deficiency judgment is demanded or any right to such judgment is expressly waived in writing, the bidding shall not be closed upon the day of sale but shall remain open until the thirtieth day after such sale exclusive of the day of the sale.

poses of the time limitation set forth in § 29-3-680, the "sale" of appellants' property took place on March 4, 1992; therefore, appellants' thirty-day time limitation began to run on March 5, 1992.

We are unpersuaded by appellants' argument that their appeal from the master's order of foreclosure and deficiency tolled the applicable thirty-day time limitation for requesting an appraisal in connection with the deficiency judgment. Rule 225(a), SCACR, provides in pertinent part, as follows:

> **(a) General Rule.** As a general rule, the service of appeal in a civil matter acts to automatically stay *matters decided in the order on appeal*, and to automatically stay the relief ordered in the appealed other, judgment or decree. This automatic stay continues in effect for the duration of the appeal. . . . *The lower court retains jurisdiction over matters not stayed by the appeal.* (Emphasis added.)

*See also* S.C. Code Ann. § 18-9-220 (1985) (generally, trial court proceedings "upon the judgment appealed from" are automatically stayed during an appeal unless the matter falls within a specified exception). In addition to matters not decided in an appealed order, "matters not stayed by the appeal" include, nonexclusively, any of the enumerated exceptions to the general rule found in Rule 225(b), including the execution of money judgments and judgments directing the sale or delivery of real property. Rule 225(b)(1) & (4), SCACR.

In the instant case, nothing in the master's order of foreclosure and deficiency addressed appellants' statutory right to an appraisal; therefore, appraisal of the subject property was not a matter decided in the order on appeal and the automatic stay provisions set forth in Rule 225(a), SCACR, and S.C. Code Ann. § 18-9-220 are inapplicable. Moreover, while S.C. Code Ann. § 18-9-130 and 18-9-170 provide, respectively, that execution of a money judgment or an order directing the sale of property may be stayed by court order upon the posting of a bond, it is undisputed the appellants never moved for an order staying the execution of judgment in this case and never posted the required bond. It follows that none of the matters actually decided in the master's order granting foreclosure were stayed by appellants' appeal.

For the foregoing reasons, the order of the circuit court is

Affirmed.

HOWELL, C.J., and CURETON, J., concur.