520 S.E.2d 327

**H. Daniel FOLK, Jr., Appellant,**

**v.**

**W.O. THOMAS, Jr., as Treasurer of Charleston County, W.T. Martin, as Delinquent Tax Collector of Charleston County, Daniel M. Rundell and Rose M. Rundell, Respondents.**

**No. 3022.**

Court of Appeals of South Carolina.

Heard May 12, 1999.

Decided July 6, 1999.

Rehearing Denied Sept. 11, 1999.

Joseph S. Mendelsohn; and Leroy P. Hutchinson, both of Charleston, for appellant.

D. Nathan Davis and Beth Branham Davis, both of Davis Law Firm; and County Attorney Samuel W. Howell, IV, all of Charleston, for respondents.

CURETON, Judge:

H. Daniel Folk, Jr. filed this action to set aside two tax deeds resulting from a delinquent tax sale. The master upheld the tax deeds on both pieces of property. Folk appeals. We reverse.

The facts in this action are not in dispute. Folk owned two contiguous properties in Charleston County, Parcels A and B. Parcel A is a one acre parcel of land with Folk's home and several outbuildings. Parcel B is an 11.47 acre parcel of unimproved land with one building. Folk failed to pay the taxes on both parcels for the years 1992 and 1993. Folk admitted he received proper notice of the tax deficiencies and pending tax sale.

The County sold Parcel B to the Rundells for $1000 at a delinquent tax sale. The purchase price was not sufficient to pay the taxes due on both parcels, so Parcel A was placed for sale at the same auction. Parcel A did not sell, and was deeded to the Forfeited Land Commission. At a subsequent auction, the Rundells purchased Parcel A from the Forfeited Land Commission for $1,746.98. The estimated value of both parcels is between $140,000 and $150,000.

James T. Farris, a Charleston County delinquent tax collector, testified on behalf of the County. Farris testified the County did not consider subdividing the property prior to the tax sale. He also stated there was no procedure in place for partitioning property prior to sale. Farris admitted he was aware other counties partitioned property prior to sale to insure the taxpayer did not lose any more property than was necessary to pay the taxes due. Farris also testified the County intended to initiate a procedure to partition in the future.

## *LAW/ANALYSIS*

 An action to set aside a tax deed is in equity. *Godfrey v. Webb*, 277 S.C. 246, 285 S.E.2d 883 (1982). Accordingly, this court may take its own view of the preponderance of the evidence. *See Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976) (in equity case appellate court may take its own view of the preponderance of the evidence).

In his sole issue on appeal, Folk argues the tax deeds should be set aside due to the County's failure to partition the property prior to the sale pursuant to S.C.Code Ann. § 12–51–40(d) (Supp.1998). Section 12–51–40(d) provides in part:

[w]hen the real property is divisible, the tax assessor, county treasurer, and county auditor shall ascertain that portion of the property that is sufficient to realize a sum upon sale sufficient to satisfy the payment of the taxes, assessments, penalties, and costs. In such cases, the officer shall partition the property and furnish a legal description of it.

 Statutory requirements protecting against tax sale forfeiture of real property are strictly construed. *South Carolina Fed. Sav. Bank v. Atlantic Land Title Co., Inc.*, 314 S.C. 292, 442 S.E.2d 630 (Ct.App.1994). All requirements of law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded as mandatory and are to be strictly enforced. *Rives v. Bulsa*, 325 S.C. 287, 478 S.E.2d 878 (Ct.App.1996) (citing *Dibble v. Bryant*, 274 S.C. 481, 265 S.E.2d 673 (1980)).

 It is a cardinal rule of statutory construction that legislative intent prevails. *Truesdale v. South Carolina Hwy. Dep't*, 264 S.C. 221, 213 S.E.2d 740 (1975). "A statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute." *Hay v. South Carolina Tax Comm'n*, 273 S.C. 269, 273, 255 S.E.2d 837, 840 (1979).

 The County argues the partition requirement is only applicable when the property can be divided and will bring a greater price than the taxes due. The County claims because

Parcel B sold for less than the taxes due on both parcels, the County was not required to divide the property. We disagree. If accepted, the County's argument would allow determination of a property's divisibility after a tax sale based on the amount the undivided property realized at auction. A common sense reading of Section 12–51–40(d) mandates (1) a determination *prior to sale* of the property's divisibility; and (2) partition of divisible property, with only as much of the property sold as is necessary to satisfy the tax debt. In this case, the County failed to perform its obligations under Section 12–51–40(d). The delinquent tax collector, Farris, admitted the County never considered subdividing either parcel before the delinquent tax sale.

The County also relies on *South Carolina Fed. Sav. Bank v. Atlantic Land Title Co., Inc.*, 314 S.C. 292, 442 S.E.2d 630. In *South Carolina Fed.Sav. Bank*, this court upheld a tax sale despite the property owner's contention the taxing authority had a duty to partition the property prior to the sale. In that case, however, the property was a 0.43 acre tract adjacent to the marshes of a creek, consisting of one lot and a portion of another lot that had been taxed as one. The owner argued the portion of the lot should have been sold first, but this court concluded the evidence suggested the smaller tract "would not have brought a sufficient price to satisfy the tax debt." *Id.* at 297, 442 S.E.2d at 633.

Unlike *South Carolina Fed.Sav. Bank*, where the property sold totaled 0.43 acres and there was evidence the smaller portion would not sell for a sufficient amount to satisfy the tax debt, the estimated value of the property in this case was between $140,000 and $150,000. Parcel B, which sold first, was an 11.47 acre tract. If Parcel B had been partitioned and sold for a sufficient sum to pay the taxes on both properties, Parcel A never would have been sold. *See* S.C.Code Ann. § 12–51–50 (Supp.1998) ("In case the defaulting taxpayer has more than one item advertised to be sold, as soon as sufficient funds have been accrued to cover all of the defaulting taxpayer's delinquent taxes, assessments, penalties, and costs, no further items may be sold."). Construing Section 12–51–40(d) to protect against forfeiture (*see Aldridge v. Rutledge*, 269 S.C. 475, 238 S.E.2d 165 (1977)), we conclude the tax deeds should be set aside because the County failed to ascertain

whether Parcel B was divisible before the sale. In so holding, we find that a review of the plat contained in the record on appeal reflects that, facially, the tract may be divisible.

Accordingly, the order on appeal is

**REVERSED.**

ANDERSON, J. concurs and STILWELL, J. dissents in separate opinion.

STILLWELL, Judge, (dissenting):

I respectfully dissent. The majority places primary emphasis upon the first phrase in the statute—"when the real property is divisible"—rather than the statute as a whole and what I perceive to be the primary intent of the statute.

All real property is technically divisible, regardless of size or configuration. The concept of the statute, taken as a whole, however, is not controlled by whether or not the real property is divisible, but whether it can be divided so that the sale of only a portion will generate enough funds to pay the taxes. It must be noted that every tract of land seized for nonpayment of taxes should have an intrinsic value greater than the taxes due. No property is taxed at 100% of its value. It has long been the law of this state that it is not what the land is really worth, but what it would bring at a public sale that is the determinative factor. *Wilson v. Cantrell*, 40 S.C. 114, 18 S.E. 517 (1893). In that case, the supreme court ruled that even though the statute in question authorized the seizure and sale of only so much of the taxpayer's land as may be necessary to pay the taxes assessed, the sale of the entire 150–acre tract without an effort to divide it provided no basis for the invalidation of the sale in view of the fact that the sale only brought enough to pay the taxes and costs without any excess.

This is one of those rare tax sale cases where it is conceded that all of the technical notice requirements have been complied with and the only conceivable ground for challenging the sale is the issue before us. Here, the larger of the two tracts, which would be more capable of division, was the first to sell. It brought less than the taxes due on it, necessitating the sale of the second, smaller, tract. I am not persuaded that under these circumstances the tax collector should have divided the

property to sell it in smaller portions, in view of the undeniable fact that sold as a whole it failed to generate sufficient sums "to satisfy the payment of the taxes, assessments, penalties, and costs." S.C.Code Ann. § 12–51–40(d).

The majority opinion contends that if the larger tract had been partitioned and sold for a sufficient sum to pay the taxes on both properties, the smaller tract never would have been sold. While that is unquestionably accurate, it is not a valid argument favoring divisibility because it proceeds on the illogical assumption that a portion of the larger tract would have sold at public sale for more than the entire tract. Since the entire tract failed to bring a sufficient sum to satisfy the taxes due, there is little if any reason to believe that selling it piecemeal would generate more funds.

I fear that by requiring a determination, in advance, of the divisibility of every piece of property sold for taxes at public auction, we are placing an unreasonable burden upon the various tax collectors in our state. Every sale, whether it generates less than enough to satisfy taxes due or more than enough, will be subject to challenge if the divisibility determination is not made on a case by case basis prior to the sale. I would affirm.