THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:
Martha Hamel, Guardian Ad Litem,       
Respondent
In Re:
Editha A. (Poston) Austin
 
 
 

v.

 
 
 
Ody M. Poston,       
Appellant.
 
 
 

Appeal From Horry County
Lisa A. Kinon, Family Court Judge

Unpublished Opinion No.  2003-UP-263
Submitted January 29, 2003 - Filed April 
 9, 2003  

AFFIRMED

 
 
 
Eben H. Cockley, of Charleston; Susan King Dunn, of Charleston; 
 for Appellant.
Charles Richard Rhodes, Jr., of Conway; for Respondents.
 
 
 

PER CURIAM:  This matter came before the 
 family court pursuant to a rule to show cause requested by attorney Martha L. 
 Hamel to enforce an order awarding her fees for her services as a court-appointed 
 guardian ad litem in a contested custody action.  The family court ordered 
 Poston to pay previously ordered fees plus additional fees and costs that Hamel 
 incurred to collect her fees.  Poston appeals.  We affirm. 
 [1] 
FACTS AND PROCEDURAL BACKGROUND
The underlying custody action was filed by Postons 
 former wife, Editha A. (Poston) Austin, on July 23, 1998, seeking custody of 
 their minor child, Editha Anne.  In response to Austins complaint and 
 motion for temporary relief, Poston filed a return contesting the jurisdiction 
 of the South Carolina family court to hear the matter and asserting that Nevada 
 was the appropriate convenient forum and Editha Annes home state.
On September 1, 1998, after a pendente lite 
 hearing, the family court issued a temporary order finding South Carolina had 
 jurisdiction to hear the case.  The family court also granted Poston 
 temporary custody of Editha Anne.  Poston appealed this temporary order 
 on October 8, 1998. [2] 
On September 17, 1998, upon direction of the chief 
 administrative judge, the clerk of court appointed Hamel as appointed guardian 
 ad litem for Editha Anne.  One week later, the family court issued a 
 supplemental order in which attorneys for both Austin and Poston consented to 
 a visitation schedule and to Hamels appointment as guardian ad litem in the 
 case.  At a status conference on December 7, 1998, the family court ordered 
 Austin and Poston each to pay Hamel $1,000.00, for a total fee of $2,000.00.  
 As reflected in Hamels records, Poston paid Hamel $1,000.00 on December 
 17, 1998, and Austin paid $1,000.00 on March 22, 1999.
In early March 1999, a magistrate in Nevada placed 
 Editha Anne with Austin, who brought the child back to South Carolina.  On 
 May 6, 1999, Austin filed a motion in South Carolina for custody of Editha Anne 
 and other relief.  By order dated June 17, 1999, the family court ruled 
 that all issues were to be reserved for a period of sixty days, after which 
 time a supplemental hearing would be held or a telephone conference would be 
 set up.  In the interim, the family court ordered that the status quo 
 regarding custody of Editha Anne be maintained. 
Pursuant to a motion by Hamel for interim fees 
 for services rendered, Family Court Judge Lisa A. Kinon held a hearing on December 
 14, 1999.  A result of the hearing, Judge Kinon issued an order filed 
 January 27, 2000, awarding Hamel fees of $1,400.00, with Austin paying $840.00 
 and Poston paying $560.00.  Both Austin and Poston discharged their respective 
 obligations.
Also on December 14, 1999, Family Court Judge H. 
 T. Abbott, III, held a hearing on a motion by Poston for certain visitation 
 rights, including telephonic communication, with Editha Anne.  Judge 
 Abbott issued an order on February 24, 2000, addressing the motion and other 
 issues and ordering Austin and Poston each to pay Hamel $1,500.00.  Austin 
 paid Hamel $1,500.00 on August 28, 2000. 
The case came before Family Court Judge H. E. Bonnoitt, 
 Jr., for a final hearing on October 16 and 17, 2000.  On January 5, 2001, 
 Judge Bonnoitt signed an amended order that, among other things, changed legal 
 custody of Editha Anne from Poston to Austin.  In addition, Judge Bonnoitt 
 noted that Poston still owed Hamel $1,500.00 and required him to pay the past 
 due sum plus and an additional $1,644.33 for a total of $3,164.33 within thirty 
 days or to set up a payment schedule with Hamel. 
On June 19, 2001, the matter came before Judge 
 Kinon on a rule to show cause requiring Poston to appear before the family court 
 and show cause why he should not be held in contempt for failing to pay court-ordered 
 fees to Hamel.  Poston was properly served with the rule, but did not 
 personally appear at the hearing although his attorney appeared on his behalf.  
 Judge Kinon declined to find Poston in willful contempt, but found he had 
 violated the orders issued by Judge Abbott and Judge Bonnoitt requiring him 
 to pay guardian ad litem fees.  Based on this finding, Judge Kinon ordered 
 Poston to pay the previously ordered fees plus $928.50 representing fees and 
 costs that Hamel incurred as a result of Postons previous noncompliance. 
DISCUSSION
Postons argument, both at the hearing 
 on the rule to show cause and on appeal, is that, pursuant to Rule 225 of the 
 South Carolina Rules of Appellate Procedure, payment of the guardian ad litem 
 fees should have been stayed pending his appeal of the temporary order finding 
 South Carolina could exercise jurisdiction over the matter.  We disagree.
Rule 225(a) states that [a]s a general 
 rule, the service of a notice of appeal in a civil matter acts to automatically 
 stay matters decided in the order on appeal, and to automatically stay 
 the relief ordered in the appealed order, judgment, or decree. [3]   As noted in Hamels brief, nothing in the appealed temporary 
 order addressed her appointment of the guardian ad litem or the award of fees 
 to the guardian ad litem; therefore, guardian fees was not a matter decided 
 in the order on appeal and the automatic stay provisions of Rule 225 are not 
 applicable. [4] 
 AFFIRMED.
GOOLSBY, HOWARD, and SHULER, JJ., concur.  

 
 
 [1]   Because oral argument would not aid the court in resolving the issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   This court affirmed the temporary order in an unpublished opinion.  
 Austin v. Poston, Op. No. 2002-UP-718 (S.C. Ct. App. filed Nov. 19, 
 2002). 

 
 [3]   Rule 225(a), SCACR (emphasis added).

 
 
 [4]   See S.C. Code Ann. § 18-9-220 (1985 and Supp. 2002) (stating 
 the notice of appeal shall stay proceedings in the court below upon the 
 judgment appealed from) (emphasis added); South Carolina Natl Bank 
 v. Devine Blossom, 321 S.C. 110, 467 S.E.2d 767 (Ct. App. 1996) (holding 
 the thirty-day time period allowed for applying for an appraisal in a mortgage 
 foreclosure action was not stayed by mortgagors appeal of a deficiency judgment 
 in that the appraisal of the subject property was not a matter decided in 
 the appealed order).