THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Herman Blake,       
Appellant,
 
 
 

v.

 
 
 
Joy Logan, Treasurer of Beaufort County, Beaufort County and Yvonne Wilson,       
Respondents.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2004-UP-062
Submitted January 12, 2004  Filed January 
 29, 2004

AFFIRMED IN PART, REVERSED IN PART, 
 AND REMANDED

 
 
 
R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
David S. Black, of Beaufort and J. Ray Westmorland, of Hilton Head Island, for 
 Respondents.
 
 
 

PER CURIAM:  Herman Blake brought this action 
 against the Beaufort County Treasurer and Yvonne Wilson seeking to set aside 
 a tax sale of his property due to the county treasurers failure to divide the 
 property as prescribed in S.C. Code Ann. § 12-51-40 (Supp. 2003) .  During trial, Blake sought to amend his complaint 
 to conform to the proof that he had redeemed the property pursuant to S.C. Code 
 Ann. § 12-51-90. [1]   The trial 
 court denied his motion and found the statute of limitations contained in S.C. 
 Code Ann. § 12-51-160 (2000) barred the claim asserted under section 12-51-40.  
 Blake now appeals.  We affirm in part, reverse in part, and remand.
FACTS
In 1972, Blake purchased 3.7 acres of land on Daufuskie 
 Island in Beaufort County.  In 1993, he failed to pay his Beaufort County property 
 taxes.  To satisfy this delinquent tax obligation, the Beaufort County Treasurer 
 sold two acres of Blakes property at a public tax sale held on February 6, 
 1995.  The highest bidder for the property was Wilson, who bid and paid $27.27 
 for the two-acre parcel.  The deed to Wilson was recorded on May 1, 1996.  
On October 30, 1998, Blake commenced this action in 
 an effort to set aside the tax sale deed issued to Wilson.  His complaint contained 
 the single allegation that the sale violated South Carolina Code section 12-51-40 
  because the County only needed to sell a small portion of the property to satisfy 
 the delinquent tax bills. 
At trial, Blake sought to amend his complaint to 
 conform to the evidence.  Blake argued that proof had been placed into evidence 
 that tended to show he had properly redeemed the property prior to the expiration 
 of his statutorily prescribed right of redemption. 
The question of whether Blake had redeemed the 
 property was raised early on at trial.  On direct examination, Blake testified 
 he thought he had paid the taxes for 1993, specifically referring to a letter 
 he received from the county treasurer dated February 6, 1996 indicating he had 
 paid his taxes. 
On cross-examination, defense counsel pressed Blake 
 further on whether he was claiming he had paid the delinquent taxes or had timely 
 redeemed title to the property.  After further questioning, Blake produced a 
 copy of the February 6, 1996 letter he received from the county treasurer.  
 He maintained it contained the check he originally sent to the county treasurer 
 to redeem title to the property.  This letter was ultimately admitted into evidence 
 without objection by defense counsel.
Later in his testimony, Blake also produced a copy 
 of the letter dated December 22, 1995 and sent to him by the county treasurer.  
 The letter advised Blake that his property had been sold and informed him of 
 his right to redeem by sending $53.99 to the treasurer by February 1, 1996.  
 Blake also produced a cashiers check dated February 1, 1996.  It was drawn 
 as payable to the county treasurer in the amount of $53.99.
Blakes counsels subsequent request to admit the 
 December 22, 1995 letter along with the cashiers check was met with objection 
 by defense counsel.  The following exchange ensued:

[DEFENSE COUNSEL]:  Im 
 going to object on that, Your Honor.  What we now have is testimony about whether 
 hes paid taxes or not and I suppose I kind of opened the door on that, but 
 really the issue here is whether this was an excessive sale.  In other words, 
 the issue is whether Beaufort County sold too much of the property not whether 
 hes made payment and this shouldnt have happened altogether at all.
COURT:  Right
[DEFENSE COUNSEL]: Thats 
 not the allegations in the complaint and so Im going to object to that.
COURT:  What about that?
[BLAKES COUNSEL]:  Well, 
 as [Defense Counsel] candidly said, Your Honor, he opened the door to that.  
 And Mr. Blake has now shown he actually had paid the delinquent tax sale monies 
 so Im probably going to move to amend the complaint to reflect the proof proffered.  
 Because hes the one that asked about it, not me.  Im not sure he has a leg 
 to stand on if he wants to object to it.
COURT:  The thing of it 
 is, youve got another lawsuit now.  And I would not deny you the right to amend 
 but I would not make him go forward at this time without an opportunity to look 
 into that question.

The trial court held in abeyance its decision regarding 
 the motion to amend until the conclusion of the trial.
As further grounds in support of his motion to 
 amend, Blake asserted he had noted in his supplemental responses to Wilsons 
 request for production that he intended to admit the February 6, 1996 letter 
 from the county treasurer in evidence.  This response, Blake argued, was sufficient 
 to put the respondents on notice that he would claim that he had properly redeemed 
 the subject property.
The trial court denied Blakes motion to amend, 
 opining that:

If [Blake] truly believed that 
 the tax deed should be set aside because he had previously paid the taxes necessary 
 to redeem the property, then [Blake] should have put those allegations in his 
 pleadings and should not save that testimony for trial with the prospect of 
 then having evidence that the other parties were not prepared to defend against. 

With respect to Blakes original cause of action, 
 the trial court found the county treasurer complied fully with South Carolina 
 Code section 12-51-40  in dividing the property 
 for purposes of the tax sale.  As an alternative ruling, the trial court 
 also found that Blake had failed to bring his action within the applicable two-year 
 statute of limitations prescribed by South Carolina Code section 12-51-160.
STANDARD OF REVIEW
An action to set aside a tax deed is in equity.  
 Godfrey v. Webb, 277 S.C. 246, 247, 285 S.E.2d 883, 884 (1982) . 
 Accordingly, [w]e may review the evidence to determine facts in accordance 
 with our own view of the preponderance of the evidence.  Tiger, Inc. v. 
 Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1990) .  
 Though we are permitted a broad scope of review, we do not disregard the findings 
 of the Master, who saw and heard the witnesses and was in a better position 
 to evaluate their credibility.  Id. 
LAW/ANALYSIS
I.       Motion to Amend Complaint
Under Rule 15, SCRCP, the trial court 
 may allow the pleadings to be amended to conform to the evidence presented and 
 shall do so freely when the presentation of the merits of the action will be 
 subserved thereby and the objecting party fails to satisfy the court that the 
 admission of such evidence would prejudice him in maintaining his action or 
 defense upon the merits. Rule 15(b), SCRCP.  A motion to amend the pleadings 
 is addressed to the sound discretion of the trial judge.  Our courts, however, 
 have consistently held that [a]mendments to conform to the proof should be 
 liberally allowed when no prejudice to the opposing party will result.  Harvey 
 v. Strickland, 350 S.C. 303, 313, 566 S.E.2d 529, 535 (2002) .  
 Prejudice occurs when the amendment states a new claim or defense that would 
 require the opposing party to introduce additional or different evidence to 
 prevail in the amended action.  Ball v. Canadian Am. Exp. Co., Inc., 
 314 S.C. 272, 275, 442 S.E.2d 620, 622 (Ct. App. 1994) ; 
 see also 61B Am. Jur. 2d Pleading § 827 (1999)  (noting 
 that [t]he test of prejudice in this situation is whether the opposing party 
 had a fair opportunity to defend and whether he could offer any additional evidence 
 if the case were to be retried on a different theory.).
In this case, we find the trial court 
 erred in denying Blakes motion to amend. As described above, a significant 
 amount of testimony presented at trial centered upon the question of whether 
 Blake had properly redeemed title to the property.  Both Blakes lawyer and 
 defense counsel questioned Blake and others on this subject.  On the stand, 
 Blake produced several critical pieces of evidence in this regard: the December 
 22, 1995 letter from the county treasurer informing Blake of his right to redeem 
 the property by tendering payment of $53.99; the February 6, 1996 letter from 
 the county treasurer informing Blake that his taxes were paid and returning 
 his check; and the check itself.  The February 6, 1996 letter was admitted into 
 evidence with no objection by defense counsel.
Furthermore, we find the respondents have 
 failed to demonstrate allowing the amendment would have resulted in prejudice.  
 Respondents point to no further testimony or documentary evidence that would 
 be necessary to try Blakes redemption claim on its merits.  Indeed, the record 
 reveals that the defense was able to directly rebut Blakes own testimony and 
 evidence that he had redeemed the property with the testimony of Herschel J. 
 Evans, Jr., the Deputy Treasurer of Beaufort County.  Defense counsel asked 
 Evans: Do your records show that there was any payment of either taxes or the 
 redemption for what would have been charged on the property for the tax year 
 1993?  Evans responded: My records do not indicate any payment of the taxes 
 or the redemption for tax year 1993. (Emphasis added.)  
We conclude, therefore, that the respondents failed 
 to meet their burden of showing that prejudice would have resulted had the amendment 
 been allowed.
II.      Propriety of the 
 Tax Sale Under Section 12-51-40
Blake argues the trial 
 court erred by finding his claim under South Carolina Code section 12-51-40 
 was barred by the two-year statute of limitations.  We disagree.  
Section 12-51-160  provides that:

In all cases of tax sale the 
 deed of conveyance, whether executed to a private person, a corporation, or 
 a forfeited land commission, must be held and taken as prima facie evidence 
 of a good title in the holder, that all proceedings have been regular and that 
 all legal requirements have been complied with. No action for the recovery 
 of land sold under the provisions of this chapter or for the recovery of the 
 possession may be maintained unless brought within two years from the date of 
 sale.

(Emphasis added.) 
As noted above, the tax sale 
 in the present case occurred on February 6, 1995.  Blake did not file his complaint 
 until October 30, 1998, more than one and a half years after the statute of 
 limitation had expired.  Even if we applied the statute from the time the tax 
 sale deed was recordedMay 1, 1996Blakes action was commenced beyond the two-year 
 limitation.  Blakes cause of action under section 12-51-40 is, therefore, barred.
CONCLUSION
We therefore conclude Blakes 
 motion to amend his complaint to conform to the evidence that showed he, pursuant 
 to section 12-51-90, properly redeemed the property should have been allowed 
 under Rule 15(b), SCRCP.  We also conclude the trial court correctly held Blakes 
 claim under section 12-51-40 was barred by the statute of limitations contained 
 in section 12-51-160.  We express no opinion, however, regarding the claim of 
 redemption, including the question of whether the claim is now barred.
AFFIRMED IN PART, REVERSED 
 IN PART, and REMANDED.
GOOLSBY, HOWARD, and KITTREDGE, 
 JJ., concur.

 
 [1] See Act No. 166, 1985 S.C. Acts 628.  S.C. 
 Code Ann. § 12-51-90, as amended in 1985 by the last cited statute, provided 
 in part:
 The defaulting taxpayer . . . may within twelve months from 
 the date of the delinquent tax sale redeem each item of real estate by paying 
 to the person officially charged with the collection of delinquent taxes, 
 assessments, penalties, and costs, together with eight percent interest on 
 the whole amount of the delinquent tax sale bid.